[No. S045940. Mar. 25, 1996.]

In re ROBERT HODDINOTT on Habeas Corpus.

**COUNSEL**

Donald Specter and Eve Shapiro for Petitioner.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Ronald A. Bass, Assistant Attorney General, Laurence K. Sullivan, Lisa M. Castor, Rene A. Chacon, Catherine A. Rivlin, Michael E. Banister and Jeffrey M. Bryant, Deputy Attorneys General, for Respondent.

**OPINION**

**WERDEGAR, J.**—In this càse we are called upon to interpret Penal Code section 1203.2a[1], which sets forth sentencing procedures for persons who, while on probation for one offense, are committed to state prison for another offense. Petitioner Robert Hoddinott was on probation for an offense committed in Marin County when he was sentenced to state prison after conviction of an offense committed in San Francisco. Petitioner notified his Marin probation officer in writing of his state prison commitment on the San Francisco offense. The probation officer did not report petitioner's subsequent state prison commitment to the Marin County Superior Court within 30 days of receiving petitioner's written notice. Following the plain language of section 1203.2a, we hold the probation officer's inaction deprived Marin County Superior Court of the sentencing jurisdiction it retained when it granted petitioner probation. We therefore affirm the Court of Appeal's judgment vacating the sentence thereafter imposed for the Marin County offense.

---

[1]Unless otherwise noted, all statutory references are to the Penal Code.

## Factual and Procedural Background

On November 19, 1987, petitioner pleaded guilty in San Francisco Superior Court to possession of a controlled substance (Health & Saf. Code, § 11350). On December 30, 1987, he pleaded guilty in Marin County Superior Court to another violation of the same statute. On February 5, 1988, the Marin County Superior Court suspended imposition of sentence and placed petitioner on probation for three years. On May 31, 1988, the San Francisco Superior Court sentenced petitioner to 16 months in state prison. On July 25, 1988, petitioner wrote to his probation officer in Marin County. He informed her he was in state prison in Susanville, with an expected release date in December of 1988 or January of 1989, and expressed his hope "to resolve (in the best way possible for all concerned) these matters in Marin." The probation officer did not notify the Marin County Superior Court of petitioner's subsequent commitment. On November 22, 1988, petitioner's counsel sent a letter to the Marin County probation officer in which he asked the probation officer to notify the Marin County Superior Court of his client's subsequent state prison commitment and asked the court to impose sentence under section 1203.2a. Again, the probation officer did not notify the Marin County Superior Court of petitioner's commitment within 30 days after receiving counsel's request. Petitioner was released on parole for the San Francisco offense on December 18, 1988.

The Marin County Superior Court summarily revoked petitioner's probation on June 19, 1989. At that time, petitioner was in state prison serving a nine-month term for violating his San Francisco parole. On September 14, 1989, petitioner wrote to his Marin County probation officer from state prison to request that sentence be imposed in his absence pursuant to section 1203.2a. This time, petitioner's Marin County probation officer notified the Marin County Superior Court. However, on or about October 12, 1989, petitioner was again released on parole on the San Francisco offense. Unaware petitioner had been paroled, on October 30, 1989, the Marin County Superior Court imposed a two-year sentence and ordered it served concurrently with his San Francisco term. Eventually, following his arrest for again violating parole in the San Francisco case, petitioner began serving his two-year Marin County sentence.

Petitioner sought relief via a petition for habeas corpus, claiming the superior court had no jurisdiction to impose sentence.[2] The Marin County Superior Court denied the petition, citing *People* v. *Willett* (1993) 15

---

[2]The Attorney General, while conceding the issue was not raised in the Court of Appeal, complains petitioner has failed to explain what the People characterize as a four-year delay in seeking habeas corpus relief. As we recently reaffirmed, the rule requiring a habeas corpus

Cal.App.4th 1 [18 Cal.Rptr.2d 603] (hereinafter *Willett*). In *Willett*, the Court of Appeal held that when sentence has not previously been imposed, only a defendant's request to be sentenced in absentia, pursuant to the first paragraph of section 1203.2a, triggers the statute's 30-day jurisdictional clock. (*Willett, supra,* 15 Cal.App.4th at pp. 8-9.) The superior court found neither petitioner's letter dated July 25, 1988, nor counsel's letter dated November 22, 1988, started the 30-day deadline for sentencing because neither communication fully complied with section 1203.2a's formal requirements for absentee sentencing requests.

Petitioner next filed an original petition for writ of habeas corpus in the Court of Appeal. After issuance of an order to show cause, the Court of Appeal, relying on *People* v. *Holt* (1991) 226 Cal.App.3d 962 [277 Cal.Rptr. 323] (hereinafter *Holt*), granted the petition and ordered the Marin sentence vacated. In *Holt*, the Court of Appeal held the superior court is deprived of jurisdiction when the probation officer fails to report a probationer's subsequent state prison commitment to the superior court within 30 days after receiving the specified written notice. (*Id.* at pp. 964, 967-968.) The instant Court of Appeal found the reasoning of *Willett* unsound because it "ignores the plain language of the statute to conclude that no jurisdictional clock starts ticking until the defendant, in strict compliance with the statute's requirements, makes a formal request for absentee sentencing." We granted the People's petition for review to resolve these conflicting interpretations of section 1203.2a.[3]

## DISCUSSION

■ We must decide whether, after a probation officer receives written notice of a probationer's commitment to state prison on a new offense and fails, within 30 days of receiving such notice, to report the subsequent state prison commitment to the court that granted probation, that court is deprived

petitioner to justify any substantial delay in raising a claim is inapplicable to a claim, such as petitioner's, of "sentencing error amounting to an excess of jurisdiction. An appellate court may 'correct a sentence that is not authorized by law whenever the error comes to the attention of the court.'" (*In re Harris* (1993) 5 Cal.4th 813, 842 [21 Cal.Rptr.2d 373, 855 P.2d 391], citing *In re Ricky H.* (1981) 30 Cal.3d 176, 191 [178 Cal.Rptr. 324, 636 P.2d 13].)

[3]Petitioner has sought dismissal of review on grounds of mootness, asserting he has now been released from both confinement and parole on his Marin County sentence. While the issue on which we granted review is thus "technically moot" in petitioner's case (see *Butt* v. *State of California* (1992) 4 Cal.4th 668, 677, fn. 7 [15 Cal.Rptr.2d 480, 842 P.2d 1240]), we nonetheless exercise our discretion to address the issue, and therefore deny the dismissal request. Proper application of section 1203.2a is a recurring issue of public importance on which county probation officers and lower courts require practical guidance. (*Butt* v. *State of California, supra,* 4 Cal.4th at p. 677, fn. 7.)

of further jurisdiction to sentence under section 1203.2a. In reaching our determination, we start, as we must, with the language of the statute itself. (See *Dyna-Med, Inc.* v. *Fair Employment & Housing Com.* (1987) 43 Cal.3d 1379, 1386-1387 [241 Cal.Rptr. 67, 743 P.2d 1323].) The statute's full text is set out in the margin.[4]

The second paragraph of section 1203.2a provides: "The probation officer may, upon learning of the defendant's imprisonment, *and must within 30*

[4]Penal Code section 1203.2a provides as follows: "If any defendant who has been released on probation is committed to a prison in this state or another state for another offense, the court which released him or her on probation shall have jurisdiction to impose sentence, if no sentence has previously been imposed for the offense for which he or she was granted probation, in the absence of the defendant, on the request of the defendant made through his or her counsel, or by himself or herself in writing, if such writing is signed in the presence of the warden of the prison in which he or she is confined or the duly authorized representative of the warden, and the warden or his or her representative attests both that the defendant has made and signed such request and that he or she states that he or she wishes the court to impose sentence in the case in which he or she was released on probation, in his or her absence and without him or her being represented by counsel.

"The probation officer may, upon learning of the defendant's imprisonment, and must within 30 days after being notified in writing by the defendant or his or her counsel, or the warden or duly authorized representative of the prison in which the defendant is confined, report such commitment to the court which released him or her on probation.

"Upon being informed by the probation officer of the defendant's confinement, or upon receipt from the warden or duly authorized representative of any prison in this state or another state of a certificate showing that the defendant is confined in prison, the court shall issue its commitment if sentence has previously been imposed. If sentence has not been previously imposed and if the defendant has requested the court through counsel or in writing in the manner herein provided to impose sentence in the case in which he or she was released on probation in his or her absence and without the presence of counsel to represent him or her, the court shall impose sentence and issue its commitment or shall make other final order terminating its jurisdiction over the defendant in the case in which the order of probation was made. If the case is one in which sentence has previously been imposed, the court shall be deprived of jurisdiction over defendant if it does not issue its commitment or make other final order terminating its jurisdiction over defendant in the case within 60 days after being notified of the confinement. If the case is one in which sentence has not previously been imposed, the court is deprived of jurisdiction over defendant if it does not impose sentence and issue its commitment or make other final order terminating its jurisdiction over defendant in the case within 30 days after defendant has, in the manner prescribed by this section, requested imposition of sentence.

"Upon imposition of sentence hereunder the commitment shall be dated as of the date upon which probation was granted. If the defendant is then in a state prison for an offense committed subsequent to the one upon which he or she has been on probation, the term of imprisonment of such defendant under a commitment issued hereunder shall commence upon the date which defendant was delivered to prison under commitment for his or her subsequent offense. Any terms ordered to be served consecutively shall be served as otherwise provided by law.

"In the event the probation officer fails to report such commitment to the court or the court fails to impose sentence as herein provided, the court shall be deprived thereafter of all jurisdiction it may have retained in the granting of probation in said case."

*days after being notified in writing* by the defendant or his or her counsel, or the warden or duly authorized representative of the prison in which the defendant is confined, *report such commitment to the court which released him or her on probation.*" (Italics added.) The final paragraph states: "*In the event the probation officer fails to report such commitment to the court* or the court fails to impose sentence as herein provided, *the court shall be deprived thereafter of all jurisdiction it may have retained in the granting of probation in said case.*" (§ 1203.2a, italics added.)

Pursuant to the plain language of the statute, if a probation officer fails to notify the probationary court after receiving written notice of the probationer's subsequent commitment, that court loses jurisdiction to impose sentence on the original offense. As we explain, this interpretation is also consistent with the statute's history of amendment and its legislative purposes.

When section 1203.2a was first enacted in 1941, it established two 30-day time periods and provided for mandatory revocation of probation and imposition of sentence: "If any person who has been released on probation is committed to a State prison for another offense, it is hereby made mandatory upon the probation officer of the county from which he was released on probation to report the commitment to the court within 30 days after being advised in writing of the commitment. Within 30 days thereafter the court shall revoke probation and impose sentence. The sentence of the court may be imposed in the absence of the defendant in such cases. In the event the probation officer fails to report such commitment to the court or the court fails to impose sentence as herein provided, such person may not thereafter be sentenced under any authority retained in the granting of probation." (Stats. 1941, ch. 645, § 1, p. 2100.)

In 1943 the Legislature rewrote the statute, adding what are now the second and last paragraphs. Paragraph two provided: "The probation officer may, upon learning of such defendant's imprisonment, and must within 30 days after being notified in writing by the defendant or his counsel, or the warden or superintendent or clerk of the prison in which the defendant is confined, report such commitment to the court which released the defendant on probation." (Stats. 1943, ch. 321, § 1, pp. 1316, 1317.) The last sentence of the final paragraph stated: "In the event the probation officer fails to report such commitment to the court or the court fails to impose sentence as herein provided, the court shall be deprived thereafter of all jurisdiction it may have retained in the granting of probation in said case." (*Ibid.*)

Since 1943, section 1203.2a has been amended five times (most recently, in 1989).[5] The most significant change occurred in 1963, when the statute was amended in response to case law requiring the defendant to waive presence and representation by counsel before a court could constitutionally impose sentence in his or her absence. (See *In re Perez* (1966) 65 Cal.2d 224, 230, fn. 3 [53 Cal.Rptr. 414, 418 P.2d 6]; *In re Klein* (1961) 197 Cal.App.2d 58, 62-63 [17 Cal.Rptr. 71].) At that time, the Legislature added the first paragraph, establishing the procedures by which an unsentenced probationer can constitutionally request sentencing in absentia. (Stats. 1963, ch. 2079, § 1, p. 4345.) In 1976 the statute was amended to increase from 30 to 60 days the time within which the court must make its final order terminating jurisdiction over a previously sentenced defendant. (Stats. 1976, ch. 376, § 1, p. 1024; see also *People* v. *Martinez* (1975) 46 Cal.App.3d 736, 741, fn. 2 [120 Cal.Rptr. 362, 121 Cal.Rptr. 443].) In 1987, again in response to case law, the Legislature extended the right to request disposition under section 1203.2a to prisoners in other states and those committed to federal prison. (Stats. 1987, ch. 828, § 76, pp. 2610-2611; see *Hayes* v. *Superior Court* (1971) 6 Cal.3d 216, 220 [98 Cal.Rptr. 449, 490 P.2d 1137].) Yet, despite these amendments, the pertinent language of the second and final paragraphs has remained unchanged for more than 50 years, since 1943.

Consequently, as presently written, section 1203.2a provides for 3 distinct jurisdictional clocks: (1) the probation officer has 30 days from the receipt of written notice of defendant's subsequent commitment within which to notify the probation-granting court (2d par.); (2) the court has 30 days from the receipt of a valid, formal request from defendant within which to impose sentence, if sentence has not previously been imposed (3d par., 4th sentence); and (3) the court has 60 days from the receipt of notice of the confinement to order execution of sentence (or make other final order) if sentence has previously been imposed (3d par., 3d sentence). Failure to comply with any one of these three time limits divests the court of any remaining jurisdiction. (5th par.)

As we have previously explained, section 1203.2a was intended to provide a mechanism by which the probationary court could consider imposing a concurrent sentence, and to "preclude[] inadvertent imposition of consecutive sentences by depriving the court of further jurisdiction over the defendant" when the statutory time limits are not observed. (*In re White*

---

[5]See Statutes 1963, chapter 2079, section 1, page 4345; Statutes 1976, chapter 376, section 1, page 1024; Statutes 1980, chapter 1117, section 10, page 3599; Statutes 1987, chapter 828, section 76, page 2610; and Statutes 1989, chapter 1420, section 2, page 6288.

(1969) 1 Cal.3d 207, 211 [81 Cal.Rptr. 780, 460 P.2d 980].) The statute's second and final paragraphs, interpreted according to their plain language, do serve these purposes.

The notice from the probation officer to the superior court provides a mechanism to start proceedings to revoke probation. (See generally, § 1203.3.) The 30-day deadline for reporting the probationer's new commitment to the superior court permits the court to act on the grant of probation in a timely manner, regardless of whether the defendant has submitted a formal request for sentencing pursuant to the first paragraph of section 1203.2a. Once the probation officer timely reports a defendant's commitment on a subsequent felony conviction, the court can exercise its discretion in a variety of ways: the court can revoke probation summarily; the court can order defendant produced so that probation can be formally revoked and sentence imposed; the court can order the sentence in full force and effect if judgment was previously pronounced; or the court can continue defendant on probation. (See §§ 1203.2, 1203.3, 1567; Cal. Rules of Court, rule 435.)

If the court decides to revoke probation, the defendant will receive notice of the revocation and may then file a request for sentencing in absentia, activating the *second* 30-day deadline within which the court must impose sentence or lose jurisdiction. If the court receives notice and the defendant does not request sentencing in absentia, the court retains jurisdiction to impose sentence at some time in the future. Thus, the statute both enables prompt initiation of probation revocation proceedings (upon notice from the probation officer) *and* affords the unsentenced defendant (upon a legally adequate request) the chance to obtain a concurrent sentence under section 669.[6] Of course, under section 669, the court retains discretion to impose a consecutive sentence for the earlier offense if circumstances warrant that sentencing choice. (*In re White, supra,* 1 Cal.3d at p. 212; see also Cal. Rules of Court, rules 425, 435.)

---

[6]Section 669 provides in pertinent part: "In the event that the court at the time of pronouncing the second or other judgment upon that person had no knowledge of a prior existing judgment or judgments, or having knowledge, fails to determine how the terms of imprisonment shall run in relation to each other, then, upon that failure to determine, or upon that prior judgment or judgments being brought to the attention of the court at any time prior to the expiration of 60 days from and after the actual commencement of imprisonment upon the second or other subsequent judgments, the court shall, in the absence of the defendant and within 60 days of the notice, determine how the term of imprisonment upon the second or other subsequent judgment shall run with reference to the prior incompleted term or terms of imprisonment. Upon the failure of the court to determine how the terms of imprisonment on the second or subsequent judgment shall run, the term of imprisonment on the second or subsequent judgment shall run concurrently."

■    We recognize that the 30-day deadline for notice to the court by the probation officer does not, in itself, require the court to sentence an unsentenced defendant. Indeed, under the terms of the statute, if imposition of sentence was suspended when probation was granted, the court *cannot* impose sentence in absentia until it receives from the defendant an adequate written request for absentee sentencing. Thus, a timely report of the probationer's incarceration does not start the jurisdictional clock running for imposition of sentence. The second 30-day jurisdictional clock begins to run only upon receipt of a valid request for absentee sentencing. Nevertheless, the probation officer's communication of the fact of confinement at least makes timely revocation and sentencing possible. As the Court of Appeal below explained, "The goal of triggering a probation revocation hearing is accomplished by requiring a report to the court by the probation officer so that written notice of defendant's incarceration given to the probation officer will not simply languish in the officer's in-box."

The Attorney General urges us to adopt the contrary holding of *Willett*, *supra*, 15 Cal.App.4th 1. In *Willett*, the defendant was placed on probation in San Bernardino County with imposition of a three-year sentence suspended. When she was subsequently arrested and held to answer on felony charges in Sacramento, the San Bernardino court revoked her probation. After conviction in Sacramento, defendant made a formal request for imposition of sentence, and the San Bernardino court sentenced her to a concurrent term with the commitment deemed to have commenced on the date defendant was sentenced to state prison for the Sacramento conviction. (*Id.* at p. 4.) The Court of Appeal rejected defendant's claim the sentencing court lost jurisdiction when the probation officer failed to notify the court within 30 days of a letter from defendant informing the officer she had been committed to state prison on the Sacramento offenses. (*Id.* at pp. 6-9.)

The *Willett* court criticized *Holt, supra*, 226 Cal.App.3d 962, 968, for stating that the requirement of notice to the probation officer "should have set in motion the machinery to sentence the defendant despite the fact the defendant had not formally requested sentencing in compliance with section 1203.2a." (*Willett, supra*, 15 Cal.App.4th at p. 7.) The court found the interpretation of section 1203.2a in *Holt* "contrary to the legislative intent. When sentence has not been previously imposed, notice to the probation officer, which does not comply with the written request and waiver provisions of paragraph one, has no ultimate effect. Even if the probation officer reports the imprisonment to the court, the court cannot impose sentence unless the defendant has requested sentencing in compliance with section 1203.2a. It is illogical and contrary to legislative intent for the court to lose jurisdiction in that instance." (*Willett, supra*, 15 Cal.App.4th at p. 7.)

We find the *Willett* court's reasoning unpersuasive in several respects. First, the facts of *Willett* are distinguishable because, unlike *Holt* and unlike the instant case, in *Willett* the probation-granting court had already revoked probation in the first case *before* the defendant was committed to state prison for the subsequent offense. Thus, in *Willett*, the court that granted probation could, in fact, take no further action until the defendant sent proper waivers and a formal request for imposition of sentence. The *Willett* court may have arrived at its erroneous interpretation of the statute in part because this factual anomaly allowed the court to ignore one of the primary purposes of section 1203.2a, paragraph two—namely, permitting prompt revocation of probation and thereby allowing an opportunity for concurrent sentencing.

Second, the analysis in *Willett* ignores the plain language of the statute. In the name of "harmonizing each part" of the statute "to fulfill the Legislature's intent," the court's interpretation instead renders the provisions of the second paragraph, and parts of the final paragraph, without effect. (*Willett, supra*, 15 Cal.App.4th at p. 8.) It is true, as the *Willett* court noted, "[t]he Legislature intended that sentence be imposed only on the defendant's written request and waiver . . . ." (*Id.* at p. 7, citations omitted.) The first paragraph of section 1203.2a outlines the procedures which effectuate that intent. Also true, however, is that the Legislature intended that probation officers promptly notify the probation court of the defendant's incarceration on a different offense. The second and final paragraphs of section 1203.2a effectuate that intent. By reading into the second paragraph a requirement that the written notice to the probation officer *must* include a formal request for imposition of sentence to start the 30-day jurisdictional clock, the *Willett* court rewrote the express language of the statute. ■ "However, '[i]n construing the statutory provisions a court is not authorized to insert qualifying provisions not included and may not rewrite the statute to conform to an assumed intention which does not appear from its language.'" (*Napa Valley Wine Train, Inc.* v. *Public Utilities Com.* (1990) 50 Cal.3d 370, 381 [267 Cal.Rptr. 569, 787 P.2d 976], quoting *People* v. *One 1940 Ford V-8 Coupe* (1950) 36 Cal.2d 471, 475 [224 P.2d 677].)

We are not convinced by the Attorney General's contention that "the words of paragraph two appear to be unclear, necessitating resort to the various tools of statutory construction." The two paragraphs here at issue—the second and last paragraphs of section 1203.2a—arguably are the clearest

in the statute. At least on the point at issue here, we discern no ambiguity justifying resort to other tools of construction.[7]

We are also unpersuaded by the Attorney General's argument that the Legislature's use of the term "in writing"—to refer in paragraph one to the absentee sentencing requirements and to refer in paragraph two to notice of imprisonment received by the probation officer—indicates the Legislature referred to the same "writing" in both paragraphs. This interpretation ignores the fact the second paragraph applies equally to defendants who have never had sentence imposed and defendants whose sentences have previously been imposed. Were we to accept the Attorney General's view, the 30-day time limit to report the commitment to the court would be triggered only by a formal request for sentencing by a previously unsentenced defendant in strict compliance with the requirements of the first paragraph. As written, however, the statute does not require a formal request for sentencing or waivers for a court to issue its commitment order if sentence has previously been imposed. In such cases, the 30-day limit of paragraph two ensures prompt notice from the probation officer to the court, which then has 60 days within which to revoke probation and to order the judgment in effect or to make any other order as to disposition.

In addition, the actual language of the statute conflicts with the Attorney General's proposed interpretation. Paragraph two provides that a probation officer "must" notify the court of the defendant's imprisonment "within 30 days after being notified in writing by the defendant or his or her counsel, *or the warden or duly authorized representative of the prison in which the defendant is confined.*" (§ 1203.2a, italics added.) As petitioner notes, although defendant or counsel could comply with the requirements of paragraph one, no letter from the prison warden alone could ever comply with the first paragraph's requirements or confer upon a court the power to sentence a defendant in absentia. Thus, the Attorney General's view of the statute, conflating paragraphs one and two, would require us to ignore that portion of paragraph two requiring a probation officer to notify the court of a defendant's imprisonment upon receipt of a letter from the warden.

The third paragraph of section 1203.2a, moreover, clearly distinguishes between a court that has been "notified of the confinement," which requires

---

[7]This is not to say the statute, in general, would ever be taken as a model of clarity. We heartily agree with our colleague on the Court of Appeal who wrote: "It is an unenviable chore to consider section 1203.2a. The statute reflects a disregard for careful drafting and contempt for the English language. Meandering clauses in which the subject and predicate are ruthlessly separated from one another, jumps in thought and logic, and a lack of organization make the going difficult. . . . [¶] . . . [¶] The first paragraph could be used as a device to drive surplus students out of law school. It consists of one sentence, one hundred seventy-seven words long." (*Holt, supra,* 226 Cal.App.3d at pp. 965, 966.)

timely action as to a probationer on whom sentence was previously imposed (3d sentence), and a court of which the probationer has validly "requested imposition of sentence," which requires timely action as to a probationer on whom sentence was not previously imposed (4th sentence). Reading the statute as a whole, therefore, it is again plain the written notice referred to in the second paragraph is not necessarily the same as the written request for sentencing described in the first.

In support of its view, the court in *Willett* cited four cases predating *Holt*. (*Willett, supra*, 15 Cal.App.4th at p. 8.) The cited decision most on point is *People* v. *Ruster* (1974) 40 Cal.App.3d 865, 871 [115 Cal.Rptr. 572]. Because the probation officer had received written notice of the probationer's confinement, but had failed to communicate that fact to the probationary court, the *Ruster* court found "[i]t is uncontradicted that the probation officer failed to comply with this provision [paragraph two]." (*Id.* at p. 871.) In *Ruster*, however, probation revocation proceedings were nevertheless initiated, the defendant was returned to court and the trial court, rejecting defendant's jurisdictional claim, revoked probation and imposed concurrent sentences. The appellate court opined that since the trial court could not have sentenced defendant in absentia without valid waivers, "the failure of the probation officer to report to the court the place of defendant's confinement is of no significance in relation to the jurisdictional issue raised herein and furthermore resulted in absolutely no prejudice to the defendant." (*Ibid.*)

*Ruster* thus presented a fact pattern in which, despite the failure of the probation officer to notify the court within the 30-day period set forth by the statute, the defendant received concurrent terms. (*People* v. *Ruster, supra*, 40 Cal.App.3d at p. 877 ["In effect, defendant was accorded by the trial court substantially the same benefits of concurrency as if his demand for hearing had met the requirements of [section 1203.2a] and had been timely acted upon by the trial court."].) The same was true in *In re Brown* (1971) 19 Cal.App.3d 659 [97 Cal.Rptr. 71], also cited in *Willett*. (See *In re Brown, supra*, 19 Cal.App.3d at p. 664 ["[P]roceedings . . . resulted . . . in the rendition and entry of judgment of conviction sentencing the defendant to state prison for a concurrent term."].)[8]

By contrast, in petitioner's case, due in part to the probation officer's omission, "the machinery to sentence the defendant" (*Willett, supra*, 15

---

[8]As to the other two decisions relied upon in *Willett*, in one (*People* v. *Johnson* (1987) 195 Cal.App.3d 510 [240 Cal.Rptr. 748]) the probation officer did not receive written notice of the probationers' new commitments, while in the other (*People* v. *Jones* (1987) 189 Cal.App.3d 1453, 1456 [235 Cal.Rptr. 111]), the probationer's new confinement was apparently in county jail. Absent written notice of a prison commitment, paragraph two's 30-day reporting requirement is, of course, inapplicable.

Cal.App.4th at p. 7) did not start running until June of 1989, when probation was finally revoked, almost a full year after defendant wrote his probation officer. Petitioner then made a formal request for sentencing in absentia on September 14, 1989.[9] By the time the Marin County court attempted to impose a concurrent sentence, in October of 1989, petitioner had finished serving his San Francisco term, and petitioner therefore was required to serve a consecutive sentence.

This case thus illustrates the prejudice that can occur when the probation officer does not timely report a confinement. That such prejudice does not occur in every case, or that the statute might be more carefully written so that its jurisdictional requirements would apply only where prejudice would otherwise occur, does not affect our conclusion. It is enough that, as explained above, the statute's plain language clearly imposes a jurisdictional reporting requirement on the probation officer, a requirement that does not have absurd results but, to the contrary, generally furthers the statute's purposes.

█ In summary, we hold section 1203.2a's final paragraph describes two events that will oust the court of jurisdiction: the probation officer's failure to report the commitment to the court (in accord with paragraph two's requirements) and the court's failure to impose sentence within the time periods specified in the third paragraph. The probation officer's 30-day reporting requirement is jurisdictional and applies once the defendant or other specified person has notified the probation officer in writing of the probationer's subsequent state prison commitment, even though the written notice may not be a valid request for absentee sentencing.[10] (*Holt, supra,* 226 Cal.App.3d at p. 967.) To the extent prior appellate decisions indicated the probation-granting court loses jurisdiction over a previously unsentenced defendant only if the court or probation officer fails to act after defendant has made a proper request for absentee sentencing, we disapprove such statements in those cases. (See *In re Walters* (1995) 39 Cal.App.4th 1546, 1554, fn. 7 [47 Cal.Rptr.2d 279]; *Willett, supra,* 15 Cal.App.4th at pp. 8-9; *People* v. *Johnson, supra,* 195 Cal.App.3d at p. 515; *People* v. *Jones, supra,* 189 Cal.App.3d at p. 1456; *People* v. *Ruster, supra,* 40 Cal.App.3d at pp. 870-871; *In re Brown, supra,* 19 Cal.App.3d at p. 665; *People* v. *Ford* (1966) 239 Cal.App.2d 944, 946 [49 Cal.Rptr. 283].)

---

[9]Petitioner, of course, could have set the machinery in motion more quickly by formally requesting absentee sentencing at an earlier time.

[10]According to the statute's second paragraph, the probation officer also "may" report the probationer's confinement to the court upon "learning" of it from any source. Unless, however, the officer has received written notice from the probationer, his or her attorney, or the warden or warden's representative, the statute imposes no mandatory duty to report, and the failure to timely do so does not affect the court's jurisdiction to sentence.

## DISPOSITION

The judgment of the Court of Appeal is affirmed.

Lucas, C. J., Mosk, J., Kennard, J., Baxter, J., George, J., and Arabian, J.,* concurred.

Respondent's petition for a rehearing was denied May 15, 1996.

---

*Retired Associate Justice of the Supreme Court sitting under assignment by the Chairperson of the Judicial Council.