[No. D024713. Fourth Dist., Div. One. Oct. 1, 1996.]

THE PEOPLE, Plaintiff and Respondent, v.
JAMES CAREY WALSH, Defendant and Appellant.

[No. D025722. Fourth Dist., Div. One. Oct. 1, 1996.]

In re JAMES CAREY WALSH on Habeas Corpus.

**COUNSEL**

Susan K. Milliken, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Gary W. Schons, Assistant Attorney General, Garrett Beaumont and Robert M. Foster, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**KREMER, P. J.**—Defendant James Carey Walsh appeals a judgment imposing a prison sentence after revocation of probation. Walsh contends the

court erred in not making express findings justifying the upper term and in not ordering a supplemental probation report. Walsh also seeks habeas corpus, asserting the government's failure to comply with statutory time requirements deprived the court of jurisdiction to sentence him. We grant Walsh's petition for habeas corpus and dismiss his appeal as moot.

## I

### INTRODUCTION

While on probation for assault with a deadly weapon plus two prison priors (Pen. Code,[1] §§ 245, subd. (a)(1), 667.5, subd. (b)), Walsh was imprisoned for another crime. The prison warden notified the probation department of Walsh's prison commitment. However, the probation department did not timely comply with statutory requirements to report such commitment to the probationary court. (§ 1203.2a.) Ultimately, the court revoked Walsh's probation and sentenced him to prison. Walsh appealed.

During pendency of Walsh's appeal, the Supreme Court held that a probation officer's failure to comply with section 1203.2a's mandatory time requirements divested the probationary court of any remaining jurisdiction. (*In re Hoddinott* (1996) 12 Cal.4th 992 [50 Cal.Rptr.2d 706, 911 P.2d 1381] (*Hoddinott*).) Walsh then petitioned us for habeas corpus. We issued an order to show cause. Answering the order to show cause, the People assert *Hoddinott*'s holding should operate prospectively only and is thus inapplicable here. However, since *Hoddinott* resolved a conflict between appellate court interpretations of section 1203.2a, its holding is not limited to prospective application. (*Donaldson* v. *Superior Court* (1983) 35 Cal.3d 24 [196 Cal.Rptr. 704, 672 P.2d 110].)

## II

### FACTUAL AND PROCEDURAL BACKGROUND

On September 13, 1993, Walsh waved a knife at his former girlfriend.

On March 14, 1994, the People charged Walsh by information with assault with a deadly weapon. The information also alleged Walsh suffered two prison priors.

On April 27, 1994, Walsh pleaded guilty to assault with a deadly weapon and admitted the two prison priors.

---

[1] All statutory references are to the Penal Code unless otherwise specified.

On May 25, 1994, the court suspended imposition of sentence and placed Walsh on probation for five years.

## III

### CHALLENGED PROCEEDINGS

While on probation in the assault case, Walsh was convicted and sentenced to prison for 16 months in another case. On March 23, 1995, Walsh began serving his prison term in that other case at Sierra Conservation Center (Sierra).

On May 5, 1995, Walsh mailed the San Diego probation department a request for disposition of probation, waiving his rights to representation by counsel and to appear personally at the proceedings. (§ 1203.2a.)[2]

On May 14, 1995, Walsh wrote a letter to the probation department stating he was currently serving a 16-month term at Sierra.[3]

On May 30, 1995, Sierra's warden wrote the probation department that Walsh had been received at Sierra on March 23, 1995, under commitment to state prison, with an expected parole release date of January 19, 1996. Noting Walsh had been given probation in the assault case in May 1994, the warden's letter asked the probation department to indicate the disposition.[4]

On September 7, 1995, the superior court received notice from Walsh that he was currently imprisoned for burglary, possessing a controlled substance and battery. Walsh requested disposition of his probation, waiving his rights to representation by counsel and to appear in person at the proceedings. (§ 1203.2a.)

On September 12, 1995, the court revoked Walsh's probation and sentenced him in absentia to a total term of six years consisting of a four-year upper term for assault plus one year for each prison prior. The sentence was made nunc pro tunc as of May 25, 1994, and ordered to be served concurrently with any prior incomplete sentence.

---

[2]Although nothing in the record indicates the probation department received Walsh's May 5, 1995, request, the People do not raise such issue.

[3]Although Walsh's May 14, 1995, letter is not authenticated and nothing in the record indicates the probation officer received that letter, the People do not raise such issues.

[4]Although the warden's May 30, 1995, letter is not authenticated, the People acknowledge its existence. Further, although nothing in the record indicates the probation department received that letter, the People do not raise such issue. Instead, the parties proceed on the basis the probation department received the warden's letter but did not report to the superior court that Walsh was imprisoned at Sierra.

On October 17, 1995, Walsh filed a notice of appeal.

On March 25, 1996, the Supreme Court filed its decision in *Hoddinott.*

On April 1, 1996, Walsh petitioned us for habeas corpus.

On June 20, 1996, we issued an order to show cause and later held oral argument.

IV

DISCUSSION

 Citing *Hoddinott* in his petition for writ of habeas corpus, Walsh asks us to vacate the prison sentence imposed after probation revocation. Walsh contends the superior court was deprived of jurisdiction to sentence him since the probation department did not comply with the time requirements of section 1203.2a.[5] Specifically, Walsh asserts the probation department did not notify the court of his incarceration within 30 days after receiving Sierra's warden's letter of May 30, 1995.

---

[5]The first paragraph of section 1203.2a provides: "If any defendant who has been released on probation is committed to a prison in this state or another state for another offense, the court which released him or her on probation shall have jurisdiction to impose sentence, if no sentence has previously been imposed for the offense for which he or she was granted probation, in the absence of the defendant, on the request of the defendant made through his or her counsel, or by himself or herself in writing, if such writing is signed in the presence of the warden of the prison in which he or she is confined or the duly authorized representative of the warden, and the warden or his or her representative attests both that the defendant has made and signed such request and that he or she states that he or she wishes the court to impose sentence in the case in which he or she was released on probation, in his or her absence and without him or her being represented by counsel."

The second paragraph of section 1203.2a provides: "The probation officer may, upon learning of the defendant's imprisonment, and must within 30 days after being notified in writing by the defendant or his or her counsel, or the warden or duly authorized representative of the prison in which the defendant is confined, report such commitment to the court which released him or her on probation."

The third paragraph of section 1203.2a provides in relevant part: ". . . If sentence has not been previously imposed and if the defendant has requested the court through counsel or in writing in the manner herein provided to impose sentence in the case in which he or she was released on probation in his or her absence and without the presence of counsel to represent him or her, the court shall impose sentence and issue its commitment, or shall make other final order terminating its jurisdiction over the defendant in the case in which the order of probation was made. . . . If the case is one in which sentence has not previously been imposed, the court is deprived of jurisdiction over defendant if it does not impose sentence and issue its commitment or make other final order terminating its jurisdiction over defendant in the case within 30 days after defendant has, in the manner prescribed by this section, requested imposition of sentence."

The fifth paragraph of section 1203.2a provides: "In the event the probation officer fails to report such commitment to the court or the court fails to impose sentence as herein provided,

1

*The Law*

■ A writ of habeas corpus is appropriate to vacate a sentence imposed in excess of the trial court's jurisdiction. (*In re Estrada* (1965) 63 Cal.2d 740, 750 [48 Cal.Rptr. 172, 408 P.2d 948]; *In re May* (1976) 62 Cal.App.3d 165, 168 [133 Cal.Rptr. 33].) Alleged noncompliance with section 1203.2a may be reviewed on petition for habeas corpus. (*People v. Young* (1991) 228 Cal.App.3d 171, 179 [278 Cal.Rptr. 784].)

"[S]ection 1203.2a provides for 3 distinct jurisdictional clocks: (1) the probation officer has 30 days from the receipt of written notice of defendant's subsequent commitment within which to notify the probation-granting court (2d par.); (2) the court has 30 days from the receipt of a valid, formal request from defendant within which to impose sentence, if sentence has not previously been imposed (3d par., 4th sentence); and (3) the court has 60 days from the receipt of notice of the confinement to order execution of sentence (or make other final order) if sentence has previously been imposed (3d par., 3d sentence). Failure to comply with any one of these three time limits divests the court of any remaining jurisdiction. (5th par.)" (*Hoddinott, supra,* 12 Cal.4th at p. 999.)

In *Hoddinott* the Supreme Court concluded: "Pursuant to the plain language of the statute, if a probation officer fails to notify the probationary court after receiving written notice of the probationer's subsequent commitment, that court loses jurisdiction to impose sentence on the original offense." (*Hoddinott, supra,* 12 Cal.4th at p. 998.) Noting ". . . this interpretation is also consistent with the statute's history of amendment and its legislative purposes[,]" (*ibid.*) the Supreme Court stated "section 1203.2a was intended to provide a mechanism by which the probationary court could consider imposing a concurrent sentence, and to 'preclude[] inadvertent imposition of consecutive sentences by depriving the court of further jurisdiction over the defendant' when the statutory time limits are not observed. [Citation.] The statute's second and final paragraphs, interpreted according to their plain language, do serve these purposes." (*Id.* at pp. 999-1000.) The Supreme Court also stated: "The probation officer's 30-day reporting requirement is jurisdictional and applies once the defendant or other specified person has notified the probation officer in writing of the probationer's subsequent state prison commitment, even though the written notice may not be a valid request for absentee sentencing. [Citation.]" (*Id.* at p. 1005, fn. omitted.)

the court shall be deprived thereafter of all jurisdiction it may have retained in the granting of probation in said case."

As noted, the Supreme Court decided *Hoddinott* while Walsh's appeal was pending. Hence, as we shall explain, *Hoddinott*'s interpretation of section 1203.2a applies here since such decision is not limited to prospective operation only.

## 2

### *Hoddinott Is Not Limited to Prospective Application*

In *Hoddinott* the Supreme Court did not discuss the issue whether its holding was fully retroactive, partially retroactive, or prospective only. Asserting law enforcement authorities relied on earlier appellate court opinions disapproved in *Hoddinott,* the People argue for prospective application of its holding—apparently to only those cases where a probation officer learns after the filing of the decision in *Hoddinott* that a probationer is imprisoned. (*People* v. *Bustamante* (1981) 30 Cal.3d 88, 102 [177 Cal.Rptr. 576, 634 P.2d 927], abrogated on another point by constitutional amendment as stated in *People* v. *Johnson* (1992) 3 Cal.4th 1183, 1222-1223 [14 Cal.Rptr.2d 702, 842 P.2d 1]; cf. *People* v. *Edelbacher* (1989) 47 Cal.3d 983, 1003 [254 Cal.Rptr. 586, 766 P.2d 1].)[6]

" 'As a rule, judicial decisions apply "retroactively." [Citation.] Indeed, a legal system based on precedent has a built-in presumption of retroactivity.' [Citation.]" (*People* v. *Guerra* (1984) 37 Cal.3d 385, 399 [208 Cal.Rptr..162, 690 P.2d 635].) "In determining whether a decision should be given retroactive effect, the California courts undertake first a threshold inquiry, inquiring whether the decision established new standards or a new rule of law. If it does not establish a new rule or standards, but only elucidates and enforces prior law, no question of retroactivity arises. [Citations.] Neither is there any issue of retroactivity when we resolve a conflict between lower court decisions, or address an issue not previously presented to the courts. In all such cases the ordinary assumption of retrospective operation [citations] takes full effect." (*Donaldson* v. *Superior Court, supra,* 35 Cal.3d at pp. 36-37; cited with approval *People* v. *Garcia* (1984) 36 Cal.3d 539, 548 [205 Cal.Rptr. 265, 684 P.2d 826], overruled on another point in *People* v. *Malone* (1988) 47 Cal.3d 1, 25 [252 Cal.Rptr. 525, 762 P.2d 1249]; *People* v. *Olmedo* (1985) 167 Cal.App.3d 1085, 1091 [213 Cal.Rptr. 742]; *People* v. *Henderson* (1985) 163 Cal.App.3d 1001, 1009 [209

---

[6]When overruling decisions on criminal procedure relied upon by prosecutors and lower courts, the Supreme Court has often declared its holdings to be prospective except with respect to the individual defendants whose appeals were being adjudicated. (*People* v. *Bustamante, supra,* 30 Cal.3d at p. 102.) The Supreme Court has applied such doctrine when overruling its own decisions or when appellate courts had been compelled to decide an issue without Supreme Court guidance. (*Ibid.*)

Cal.Rptr. 883].) Upon making such threshold inquiry, we conclude *Hoddinott* did not establish a new standard or rule of law to be applied prospectively only. (*Donaldson* v. *Superior Court, supra,* 35 Cal.3d at p. 37.) ■■ ■ ■ **(1d)** Instead, since *Hoddinott* resolved a conflict between lower court decisions, the ordinary assumption of retroactive operation applies. (*Ibid.*)[7]

The People contend *Hoddinott* effected a "major change" in California law by rejecting various appellate court decisions which had construed section 1203.2a as requiring a prisoner to submit a request in strict compliance with the statute in order to trigger its mandatory time periods. (*People* v. *Willett* (1993) 15 Cal.App.4th 1, 8-9 [18 Cal.Rptr.2d 603]; and cases cited therein.)[8] However, there was a conflict in appellate case law more than four years before the time the probation officer learned Walsh was imprisoned in another case. In *People* v. *Holt* (1991) 226 Cal.App.3d 962 [277 Cal.Rptr. 323], noting that section 1203.2a had "a specific meaning that apparently was not discernible to other courts[,]" the appellate court stated: "A careful reading of the statute shows that it required Holt's probation officer to notify

---

[7]"Once resolved that a decision establishes a new standard, the California courts define the retroactive effect of that decision under the tripartite test based upon *Stovall* v. *Denno* [(1967)] 388 U.S. 293 [18 L.Ed.2d 1199, 87 S.Ct. 1967]." (*Donaldson* v. *Superior Court, supra,* 35 Cal.3d at p. 38.) "Under this test, the court considers three factors: '(a) the purpose to be served by the new standards, (b) the extent of reliance by law enforcement authorities on the old standards, and (c) the effect on the administration of justice of retroactive application of the new standards.' (*Stovall* v. *Denno, supra,* 388 U.S. 293, 297 . . . ; *People* v. *Kaanehe* (1977) 19 Cal.3d 1, 10 . . . .)" (*People* v. *Garcia, supra,* 36 Cal.3d at pp. 548-549.) Since our threshold inquiry reveals *Hoddinott* did not establish a new standard or rule of law, we need not engage in analysis under the "tripartite" test.

[8]In *People* v. *Willett, supra,* 15 Cal.App.4th 1, the appellate court stated: "When sentence has not been previously imposed, the probation officer has a duty to report the defendant's imprisonment to the court within 30 days only if the written notification by defendant or his counsel complies with the provisions of paragraph one of section 1203.2a." (*Id.* at p. 8.) The appellate court observed: "*In re Brown* (1971) 19 Cal.App.3d 659 [97 Cal.Rptr. 71] held the 30-day period does not begin to run until a request and waiver in compliance with section 1203.2a is received by the probation officer for transmission to the court. (*Id.,* at pp. 665, 667.) *People* v. *Ruster* [(1974)] 40 Cal.App.3d 865 [115 Cal.Rptr. 572] held that although the probation officer did not report the defendant's imprisonment to the court within 30 days of being notified, the defendant's notification did not comply with section 1203.2a requirements which would allow the court to impose sentence on the defendant. Therefore, the probation officer's failure 'is of no significance in relation to the jurisdictional issue raised herein and furthermore resulted in absolutely no prejudice to defendant.' (*Id.,* at p. 871.) *People* v. *Jones* [(1987)] 189 Cal.App.3d 1453 [235 Cal.Rptr. 111] held that because the defendant's letter to the probation officer was not in strict compliance with section 1203.2a, the probation officer had no duty to report the imprisonment to the court. (*Id.,* at pp. 1455-1457.) In *People* v. *Johnson* (1987) 195 Cal.App.3d 510 . . . , the court stated, 'Under section 1203.2a, there is no prescribed time limit within which the probation officer and the court must act when imposition of sentence was previously suspended and there is no request for sentence, waiving personal appearance, by the probationer.' (*Id.,* at p. 515.)" (*People* v. *Willett, supra,* 15 Cal.App.4th at p. 8.)

the court within 30 days of receiving notice from the Department of Corrections that Holt was in prison, whether or not sentence had previously been imposed." (226 Cal.App.3d at p. 965.) Hence, the appellate court concluded: "Once Holt's probation officer received notice from prison officials on September 23, 1987, that Holt was in prison, the probation officer had 30 days in which to notify the sentencing court of Holt's incarceration. The probation officer failed to so notify the court. The court therefore had no jurisdiction to sentence Holt. Holt's admission of his probation violation and its revocation by the court in 1989 were of no effect." (*Ibid.*; see also *People v. Como* (1975) 49 Cal.App.3d 604, 608-609 [123 Cal.Rptr. 86].)[9]

In *People* v. *Willett, supra*, 15 Cal.App.4th 1, relied upon by the People, the appellate court acknowledged and criticized the holding of *People* v. *Holt, supra*, 226 Cal.App.3d 962, that "the probation officer's failure to notify the court of the defendant's imprisonment within 30 days of receiving notice caused the court to lose jurisdiction, regardless of whether sentence had been previously imposed. [Citation.]" (*People* v. *Willett, supra*, 15 Cal.App.4th at p. 7.) In *Hoddinott* the Supreme Court granted review expressly "to resolve these conflicting interpretations of section 1203.2a." (*Hoddinott, supra*, 12 Cal.4th at p. 996, fn. omitted.) Later, when the specific case before it became moot, the Supreme Court declined to dismiss review since "[p]roper application of section 1203.2a is a recurring issue of public importance on which county probation officers and lower courts require practical guidance. [Citation.]" (*Id.* at p. 996, fn. 3.)

In resolving the conflicting appellate court interpretations of section 1203.2a with respect to the issue of deprivation of jurisdiction upon the probation officer's failure to comply with the statute's mandatory time requirements, a unanimous Supreme Court in *Hoddinott* cited with approval the analysis of *People* v. *Holt, supra*, 226 Cal.App.3d 962. (*Hoddinott, supra*, 12 Cal.4th at p. 1005.) The Supreme Court rejected the "erroneous interpretation" of *People* v. *Willett, supra*, 15 Cal.App.4th 1, as factually distinguishable and contrary to the "plain language" of the statute. (*Hoddinott, supra*, at pp. 1002-1004.) The Supreme Court also distinguished cases relied upon in *Willett.* (*Hoddinott, supra*, at pp. 1004-1005.) Finally, the Supreme Court disapproved statements in those and other cases to the extent such "decisions

---

[9]In *People* v. *Como, supra*, 49 Cal.App.3d 604, the appellate court observed that the sanction in the concluding sentence (fifth paragraph) of section 1203.2a "applies if 'the probation officer fails to report . . . as herein provided.' The only provision which imposes a duty upon the probation officer to report is the second paragraph, which requires him to act within 30 days after having been notified by the defendant, his counsel or a prison representative. [Citation.] The record does not show any such notice was given to the probation officer in the case at bench so that the concluding sentence of the section has no application here." (49 Cal.App.3d at p. 609.)

indicated the probation-granting court loses jurisdiction over a previously unsentenced defendant only if the court or probation officer fails to act after defendant has made a proper request for absentee sentencing . . . ." (*Id.* at p. 1005.)[10]

In sum, in *Hoddinott* the Supreme Court expressly resolved a conflict between lower court decisions. Thus, *Hoddinott* did not establish new standards or a new rule of law. Hence, the holding in *Hoddinott* is not limited to prospective operation. (*Donaldson* v. *Superior Court, supra,* 35 Cal.3d at pp. 36-37; *Johnson* v. *Department of Corrections* (1995) 38 Cal.App.4th 1700, 1709-1710 [45 Cal.Rptr.2d 740]; cf. *Ex-Cell-O Corp.* v. *Holdener* (1986) 181 Cal.App.3d 25, 32 [226 Cal.Rptr. 57].) Instead, *Hoddinott*'s holding may properly apply to cases not yet final at the time *Hoddinott* was decided. (*People* v. *Croy* (1985) 41 Cal.3d 1, 12 [221 Cal.Rptr. 592, 710 P.2d 392]; *People* v. *Guerra, supra,* 37 Cal.3d at pp. 399-400; *People* v. *Valenzuela* (1985) 175 Cal.App.3d 381, 387 [222 Cal.Rptr. 405]; *People* v. *Martino* (1985) 166 Cal.App.3d 777, 786 [212 Cal.Rptr. 45]; *People* v. *Minichilli* (1984) 161 Cal.App.3d 660, 670 [207 Cal.Rptr. 766]; *People* v. *Tovar* (1984) 161 Cal.App.3d 137, 142-143 [207 Cal.Rptr. 255].)[11] Accordingly, applying *Hoddinott* we conclude the probation department's failure to report Walsh's imprisonment to the superior court within 30 days after receiving Sierra's warden's notice of May 30, 1995, deprived the court of jurisdiction to sentence Walsh on September 12, 1995.[12] We need not find specific prejudice to Walsh. (*Hoddinott, supra,* 12 Cal.4th at p. 1005.)[13] Since the superior court exceeded its jurisdiction in sentencing Walsh, we must grant his petition for writ of habeas corpus to vacate such sentence.

[10]Where, as here, the Supreme Court resolves a conflict between lower court decisions, there is "no clear rule on which anyone could have justifiably relied." (*People* v. *Guerra, supra,* 37 Cal.3d at p. 400.)

[11]Indeed, in *People* v. *Guerra, supra,* 37 Cal.3d 385, the Supreme Court observed: " 'As a matter of normal judicial operation, even a non-retroactive decision [i.e., one that cannot serve as a basis for collateral attack on a final judgment] ordinarily governs all cases still pending on direct review when the decision is rendered.' [Citation.]" (*Id.* at p. 400.)

[12]We note that in *People* v. *Carr* (1974) 43 Cal.App.3d 441 [117 Cal.Rptr. 714], the appellate court rejected the People's argument that the defendant should not be allowed to raise the issue of section 1203.2a on appeal since he had not done so at the probation revocation hearing in the trial court. (43 Cal.App.3d at p. 444.) The appellate court stated that although the defendant's statutory argument was "a new theory, it is one involving only a question of law, i.e., the applicability of a statute to conceded facts. [Citation.] If a question of law only is presented on the facts appearing in the record, the change in theory may be permitted by the reviewing court. [Citation.]" (*Id.* at pp. 444-445.) Further, where, as here, the claimed sentencing error amounts to an excess of jurisdiction, we may correct that sentence whenever such error comes to our attention. (*Hoddinott, supra,* 12 Cal.4th at pp. 995-996, fn. 2.)

[13]"This case thus illustrates the prejudice that can occur when the probation officer does not timely report a confinement. That such prejudice does not occur in every case, or that the statute might be more carefully written so that its jurisdictional requirements would apply only where prejudice would otherwise occur, does not affect our conclusion. It is enough that,

Finally, in light of our determination the superior court was divested of jurisdiction to sentence Walsh, we need not reach the issues raised in his appeal involving the court's asserted failures to make express findings justifying imposition of the upper term or to order an updated probation report. We thus dismiss Walsh's appeal as moot.

## DISPOSITION

The petition for habeas corpus is granted. The appeal is dismissed.

Work, J., and Benke, J., concurred.

Respondent's petition for review by the Supreme Court was denied January 22, 1997.

---

as explained above, the statute's plain language clearly imposes a jurisdictional reporting requirement on the probation officer, a requirement that does not have absurd results but, to the contrary, generally furthers the statute's purposes." (*Hoddinott, supra*, 12 Cal.4th at p. 1005.)