Filed 4/28/14  P. v. Ortega CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E058185 |
| v. | (Super.Ct.No. RIF1104702) |
| JOSE ORTEGA, Jr., | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  John D. Molloy, Judge. Reversed and vacated.

Sylvia Whatley Beckham, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Lynne G. McGinnis and Kristine A. Gutierrez, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant Jose Ortega, Jr. appeals from the trial court's judgment terminating his probation and imposing a one-year sentence, to be served consecutive to a separate

1

sentence imposed in San Bernardino County.  Defendant contends the trial court lost jurisdiction to impose the sentence when it failed to act within 30 days on his motion for sentencing in absentia pursuant to Penal Code section 1203.2a.[1]  The People counter that the statute does not apply to defendants whose probation has been summarily revoked.  As discussed below, we agree that the trial court lost jurisdiction and therefore vacate the sentence.

## PROCEDURAL BACKGROUND

*Plea and Sentence in Riverside Stalking Case* ("*Riverside Case*")

On September 27, 2011, defendant pled guilty to one count of inflicting corporal injury on a domestic partner (§ 273.5, subd. (e)(2)).  On that date, the trial court suspended imposition of judgment and granted defendant probation for three years.  The court ordered defendant to serve 240 days in custody, 180 days of which was to be in the work release program.  After credit for time served, defendant was remanded into custody to serve 24 days in jail.  Defendant was ordered not to annoy, harass, threaten or disturb the victim and to comply with any domestic violence restraining order.

---

[1]  All section references are to the Penal Code unless otherwise indicated.

*San Bernardino Stalking Case ("San Bernardino Case") and Summary Probation Revocation in Riverside Case*

On March 12, 2012, the probation officer filed a report alleging eight probation violations. Defendant had failed to register for a domestic violence class and for community service, according to a report from the provider dated December 16, 2011. Defendant had completed only two days in the work release program as of January 25, 2012, according to a report dated February 16, 2012. Defendant was not living at the address he had provided to probation. Defendant was arrested on February 15 after attacking the same victim outside her Redlands home. In January, the victim had reported to police that defendant approached her outside her home and then stole her credit card and threatened to have someone hurt her. These two actions against the victim violated the probation conditions that defendant obey all laws and court orders, abide by domestic violence protective orders, and report any law enforcement contacts within 48 hours. The probation officer concluded that "The defendant continues to act in a reckless manner towards the victim even with the knowledge the victim maintains a restraining order against the defendant. These actions by the defendant bring concern for the safety of the victim at this time." The probation officer recommended revoking defendant's probation, issuing a bench warrant for his arrest and sentencing him to the mid-term in state prison. On March 12, 2012, the trial court summarily revoked defendant's probation and issued a bench warrant for his arrest. Defendant failed to appear because he was in custody on the San Bernardino Case.

On May 3, 2012, defendant plead guilty in San Bernardino County to inflicting corporal injury on a domestic partner (§ 273.5, subd. (a)) and received a low-term prison sentence of two years.

The Riverside court did not act further to impose a sentence for the Riverside Case.

On October 11, 2012, defendant executed a "Request for Disposition of Probation and Right to Attorney Pursuant to Penal Code §1203.2a."

On November 1, 2012, a correctional counselor at Chuckawalla Valley State Prison verified that defendant had been in the custody of the California Department of Corrections since May 29, 2012, that the signature was that of defendant, and that defendant "wishes the Court to impose sentence or make any other final order terminating the court's jurisdiction, on a pending probation matter in Riverside County, pursuant to Cal. Penal Code § 1203.2a."

On November 5, 2012, the Riverside County Superior Court stamped the Request "received."

On November 30, 2012, the Riverside County Superior Court stamped the Request "filed."

On December 19, 2012, the Public Defender filed a "Notice of Motion and Motion for Termination of Probation (Cal. Penal Code § 1203.2a)." Counsel argued that the court had been deprived of jurisdiction to impose a sentence in the Riverside Case because it failed to impose sentence within 30 days after receiving defendant's Request under section 1203.2a.

4

The hearing on the Request was set for December 28, 2012, but was continued to January 31, 2013, so defendant could be present.

At the hearing held on January 31, 2013, defense counsel reminded the court that the case was on for "an expungement, termination of probation request." Defendant had executed a written waiver of his right to a contested violation of probation hearing. Defendant admitted violating his probation, specifically the term that he "Violate no law or ordinance." Defendant agreed to the disposition. The court terminated defendant's probation and sentenced him to the agreed-to, one-year prison term for the Riverside case, consecutive to the term for the San Bernardino case, with credit for 270 total days of time served locally, including section 4019 credits. Defense counsel did not object on section 1203.2a grounds.

This appeal followed. Defendant has since been released on parole.

## DISCUSSION

Defendant argues the superior court lost jurisdiction to sentence him in the Riverside Case because it failed to act within 30 days after receiving his section 1203.2a petition. The People counter that, because the court had already summarily revoked defendant's probation "on independent grounds" prior to the conviction in the San Bernardino case, and thus defendant was not at that time "released on probation," it did not lose jurisdiction to sentence defendant even though it did not act within the 30-day deadline imposed by section 1203.2a. As discussed below, we find no legal authority to support the People's interpretation of section 1203.2a, and find that such an interpretation would be counter to the stated purposes of section 1203.2a.

5

Section 1203.2a provides that, when a defendant "who has been released on probation" by a court is later committed to prison by another court for a subsequent offense, he may petition the probationary court to sentence him "if no sentence has previously been imposed" in the first case. The defendant must agree that the probationary court may sentence him in his absence and without counsel. If the defendant does so, the court must either impose a sentence or terminate its jurisdiction within 30 days after receiving the petition. Failure to take action within 30 days deprives the probationary court of jurisdiction over the defendant.[2]

The plain language of this statute, which applies to a defendant who "has been released on probation," leans in favor of defendant's stance in this appeal. This is because the Legislature chose the terms "has been released on probation," and "was granted probation," which can easily apply to someone who was previously granted and released on probation but is no longer on probation, rather than terms that would more specifically indicate that the defendant must still be on unrevoked probation at that time

---

[2] The relevant language of section 1203.2a is as follows: "If any defendant who has been released on probation is committed to a prison . . . for another offense, the court which released him . . . on probation shall have jurisdiction to impose sentence, if no sentence has previously been imposed for the offense for which he . . . was granted probation . . . , on the request of the defendant . . . in writing, if . . . the warden . . . or [a] . . . representative . . . attests both that the defendant has made and signed such request and that he . . . states that he . . . wishes the court to impose sentence in the case in which he . . . was released on probation, in his . . . absence and without . . . being represented by counsel. [¶] . . . [¶] . . . If the case is one in which sentence has not previously been imposed, the court is deprived of jurisdiction over defendant if it does not impose sentence and issue its commitment or make other final order terminating its jurisdiction over defendant in the case within 30 days after defendant has, in the manner prescribed by this section, requested imposition of sentence."

6

of sentencing on the new case.  In addition, the lack of specificity on this point contrasts with the statute's specific language that it applies only to probationers upon whom "no sentence has previously been imposed for the offense for which he . . . was granted probation."

The People argue that the statute does not apply to defendant because he was not "released on probation" at the time he was sentenced in the San Bernardino Case, because his Riverside probation had been summarily revoked.  However, in addition to this interpretation not being supported by the plain language of section 1203.2a, the People provide no direct legal authority for their assertion.  Such a reading of the statute would contravene the Legislature's purpose in enacting the statute, which, as set forth below, is to provide probationers who have been imprisoned on new convictions with a speedy resolution of prior cases for which sentence has not yet been imposed.

The Legislature enacted section 1203.2a to "provide a mechanism by which the probationary court could consider imposing a concurrent sentence, and to 'preclude[] inadvertent imposition of consecutive sentences by depriving the court of further jurisdiction over the defendant' when the statutory time limits are not observed." (*In re Hoddinott* (1996) 12 Cal.4th 992, 999-1000, citing *In re White* (1969) 1 Cal.3d 207, 211.) We note that the Riverside court made no move to sentence defendant after it revoked his probation in March 2012, or even after he was convicted and sentenced in the San Bernardino Case in May 2012, until he submitted his petition in November of 2012.  The fact that the probationary court did ultimately choose to sentence defendant to a

consecutive sentence[3] does not change the wording of the statute nor the reasons for its enactment. A defendant sentenced in a subsequent case is at risk of receiving consecutive sentences inadvertently if the probationary court does not get around to imposing sentence until the defendant had already served all or most of the sentence in the subsequent case. This risk, and the remedy the Legislature fashioned, is the same whether the defendant's probation has been summarily revoked or not, as long as the probationary court has not yet imposed the sentence.

Finally, the People argue that "one of the assumptions underlying section 1203.2a is that the reason for revoking probation is the subsequent felony misconduct resulting in imprisonment." The People then state that this scenario is not present in this case because "some" of the reasons the court summarily revoked defendant's probation were "completely unrelated" to the subsequent offense in the San Bernardino case. First, as defendant points out in his responsive brief, section 1203.2a simply does not require that the probation revocation be based solely on conduct that leads to the imprisonment in the subsequent case. Second, although the probation department's violation of probation memo does list a number of probation violations, it is clear from this record, namely the probation department's memo and the court's comments, that the main reason for revoking defendant's parole was the defendant's continued attacks on the victim that were part of the San Bernardino Case.

---

[3] The court indicated at the hearing on December 12, 2012 that it would likely impose a consecutive sentence because defendant was arrested in the San Bernardino Case only five months after pleading guilty to reduced charges in the Riverside Case.

8

For the reasons stated, we conclude that the superior court lost jurisdiction to impose sentence in the Riverside Case on or about December 5, 2012.

## DISPOSITION

The sentence is vacated.  The superior court is directed to recall the commitment, terminate probation, and inform parole authorities that the sentence was vacated.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ

P. J.

We concur:

McKINSTER

J.

KING

J.

9