[Civ. No. 45652. Second Dist., Div. Four. June 18, 1975.]

BERNARD D. RICE, Petitioner, v.
THE SUPERIOR COURT OF VENTURA COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

**COUNSEL**

Edward L. Lascher and Ann Palmer for Petitioner.

No appearance for Respondent.

Evelle J. Younger, Attorney General, C. Stanley Trom, District Attorney, and Irving Prager, Deputy District Attorney, for Real Party in Interest.

**OPINION**

**KINGSLEY, J.—**

I

We deal first with certain procedural issues.

This is an original proceeding, seeking, in the alternative, either a writ of mandate or a writ of prohibition to secure the dismissal of a criminal charge pending against petitioner in respondent court. The petition sets forth petitioner's version of the events involved in his arrest and it is supported by 21 exhibits and by a reporter's transcript of a hearing in respondent court. Counsel for the real party in interest has asked us to "strike" all except six of the exhibits and the portions of the brief referring to them, on the ground that they contain matters not before respondent court. The motion is frivolous. An original proceeding in this court, of necessity, alleges facts which the pleader contends will justify the action requested of us. In the majority of cases, those facts are outside any trial court record. The opportunity of a respondent or of a real party in interest to contest any of the allegations of the petition is by way of the "Return" which an alternative writ directs them to file. We note that the so-called "return" filed in this case by counsel for the real party in interest neither directly admits nor denies any of the allegations of the petitioner. In the legal argument contained in the document so denominated, there do appear certain statements of alleged facts. Although the document is unverified, and thus not in conformity with rule 56(c), California Rules of Court, we discover that the "facts" so stated do not, in any material fashion, contradict the allegations of the petition. ■ In this state of the pleadings in this case, we accept as

true the uncontradicted allegations of the petition and its supporting exhibits.[1]

## II

The petition before us alleges that, in the pleadings in the criminal cases hereinafter discussed, it was alleged that, on September 12, 1973, a man named Van Coleman had purchased from defendant five balloons containing heroin. The petition also alleges that Van Coleman was a special agent of the State Bureau of Narcotic Enforcement, acting in an undercover capacity and that, at the time of that transaction, petitioner gave to Coleman what he represented to be his "home" phone number. Based on a complaint charging that sale, a warrant for petitioner's arrest issued out of the Ventura County Municipal Court. When officers attempted to serve that warrant they discovered that the 'phone number allegedly given to Coleman by petitioner was the phone at his parent's home located on Elm Street in the City of Oxnard. When the officers went to that address they met petitioner's mother, who told them that petitioner did not live there, that he occasionally called for mail or messages, that she did not know where he lived and that she would not tell the officers where he lived even if she knew.

Thereafter, the matter of the alleged sale was referred to the Grand Jury for Ventura County and an indictment was returned. On November 9, 1973, a warrant for petitioner's arrest on that indictment issued out of the respondent court but no information as to that warrant was transmitted to the sheriff or to any other local law enforcement agency. Because of the indictment, the original complaint and the warrant based thereon were dismissed.

For about a year, agents of the narcotic bureau (who did know of the indictment and the superior court warrant) made efforts to locate petitioner, without success. Apart from a check made, shortly after the return of the indictment, of bars and motels which petitioner was supposed to frequent, the efforts consisted only of periodic checks with petitioner's mother, resulting in the same denial of information that the first visit had produced.

---

[1]*Pacific Indem. Co.* v. *Superior Court* (1966) 246 Cal.App.2d 63, 65, fn. 2 [54 Cal.Rptr. 470]; 5 Witkin, California Procedure (2d ed. 1971) Extraordinary Writs, sections 158 and 159, pages 3925-3926.

During this period of time, petitioner was, in fact, in the City of Oxnard; he was in contact with the local police, with the sheriff's office, and with numerous public agencies. Some of those contacts involved arrests for traffic offenses, one involved an arrest for burglary, several involved applications for official permits to drive a taxi, one involved an examination as a judgment debtor, others involved applications for employment. Because of the failure to advise the sheriff's office of the superior court warrant, resulting in the failure to include information regarding that warrant in the Ventura County computer system, none of the agencies in contact with petitioner during that period were aware of the existence of the warrant and he was never apprehended on it.

In September of 1974, the narcotic officers accidentally learned that petitioner was living, openly, in Oxnard. A new search quickly discovered petitioner living at the home of his "girl friend" and he was arrested on October 17, 1974.

Petitioner thereafter moved, in respondent court, to dismiss the indictment on the ground that the 11-month delay in effecting his arrest resulted in denial of his right to a speedy trial. The motion was denied; this proceeding followed.

## III

Petitioner first relies on the provision in subdivision 2 of section 1382 of the Penal Code that a criminal proceeding must be dismissed "[w]hen a defendant is not brought to trial in a superior court within 60 days after the finding of the indictment . . . ."  ▮  We agree with the People that, in spite of the apparently all-inclusive language of the statute, it does not apply in cases where, at the time of the indictment, the defendant is not in custody.[2] Otherwise the use of the indictment procedure, to stay the running of the statute of limitations in cases where the defendant's whereabouts are unknown, would be prevented. We cannot attribute to the Legislature such an arbitrary limitation on traditional prosecutorial procedures.

## IV

However, the statutes limiting the period within which a defendant must be brought to trial are not the only legal limits. The state

---

[2]". . . none of the . . . legislative provisions deal with a pre-arrest delay, . . ." (*Jones* v. *Superior Court* (1970) 3 Cal.3d 734, 738 [91 Cal.Rptr. 578, 478 P.2d 10].)

Constitution provides, in section 13 of article I: "In criminal prosecutions, in any court whatever, the party accused shall have the right to a speedy and public trial."

In *Jones* v. *Superior Court* (1970) 3 Cal.3d 734 [91 Cal.Rptr. 578, 478 P.2d 10], the Supreme Court held that an unjustified delay in arresting an accused violated that constitutional provision, even though it did not violate the provisions of section 1382.

We turn, then, to consider whether the delay in the case at bench falls within the constitutional provision. As was said in *Jones*, this involves a weighing of the respective interests of law enforcement and of the defendant. Admittedly, the delay herein involved was not intentional; but, as was held in *Plezbert* v. *Superior Court* (1971) 22 Cal.App.3d 169 [99 Cal.Rptr. 340], that is not determinative; negligence on the part of governmental agencies (there, as here, a clerk of court) may suffice. The record before us shows not only an unexplained failure on the part of the clerk to advise local law enforcement of the existence of the warrant, but a most casual effort by the narcotic officers to find defendant. When those officers, in September of 1974, really tried to find defendant they had no difficulty; why those same efforts were not expended earlier we are not told.

The People argue that defendant was concealing himself. The record does not show any attempt at concealment. Mail sent by various governmental agencies, addressed to defendant at his parent's home, was received by him and acted on by him. As above indicated, defendant took the initiative in applying to local governmental agencies; he openly engaged in his occupation as a taxi driver, in a small city, under his own name. It is true that, accepting as correct the mother's testimony that he was not "resident" at the parental home, he had not assisted the police to find him. But we know of no requirement that an accused must seek out the police and invite arrest. Many young people fly the parental nest and find other accommodations; many may lead a life sufficiently erratic to make the use of the parental address, as their point of occasional return, a reasonable device for maintaining some contact with their parents and to receive communications. We cannot agree that petitioner concealed himself from service.

Weighing, then, the obvious negligence of government against the constitutional right to a speedy trial, we conclude that petitioner has shown an unreasonable delay.

## V

■ The People contend that, assuming a violation of the constitutional right, petitioner must also show actual prejudice to him. The contention is without merit.

The same issue was faced in *Jones, supra,* 3 Cal.3d, also involving a delayed arrest. At page 740 the court said: "Petitioner was clearly prejudiced. The most obvious prejudicial effect of the long pre-arrest delay was to seriously impair his ability to recall and to secure evidence of his activities at the time of the events in question. 'Delaying the arrest of the accused may hinder his ability to recall or reconstruct his whereabouts at the time the alleged offense occurred. As stated by the dissent in *Powell* v. *United States,* 352 F.2d 705, 710 [122 App.D.C. 229], "The accused has no way of knowing, to say nothing of proving, where he was at the time and on the day the policeman says his diary shows he made a sale of narcotics to the policeman." ' (*People* v. *Wright, supra,* 2 Cal.App.3d 732, 736.) Although petitioner knew in June 1968 that the police suspected him of a narcotics offense, he did not know when or how they believed the crime was committed, and since at this stage of the proceedings the case has not been tried and he must be presumed to be innocent, we cannot assume that he knew the details of the crime charged from his commission of it. He was under no legal obligation to go to the police station, and his failure to appear cannot justify an otherwise unreasonable delay in apprehending him. . . . Petitioner was not in hiding and his whereabouts could have been discovered by a routine, uncomplicated investigation. In far less time than 19 months he could have reasonably assumed that the police no longer had an interest in him."

Substituting the appropriate dates, that statement governs the case at bench.

The alternative writ is discharged; let a peremptory writ of mandate issue directing respondent court to dismiss the pending charges against petitioner in its case number CR-10118.

Files, P. J., and Dunn, J., concurred.