[Crim. No. 3052. Fifth Dist. June 20, 1978.]

THE PEOPLE, Plaintiff and Respondent, v.
EUGENE DELBERT CAVE, Defendant and Appellant.

960

COUNSEL

Paul Halvonik, State Public Defender, under appointment by the Court of Appeal, Gary S. Goodpaster, Chief Assistant State Public Defender, and Tom Lundy, Deputy State Public Defender, for Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Arnold O. Overoye, Assistant Attorney General, Williard F. Jones and Garrick W. Chock, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**HOPPER, J.**—This case concerns the alleged denial of the right of a prisoner to a speedy trial and improper deprivation of his opportunity to exercise the right to a speedy trial.

The facts are undisputed. On October 14, 1975, appellant Eugene Delbert Cave allegedly sold one gram of heroin to Modesto undercover agent Thomas Bazan. Officer Bazan testified that he and an informant, Charles Robinson, drove to appellant's house in Modesto. Robinson knocked on appellant's door, spoke to him briefly, and then returned with appellant to Bazan's car. At appellant's direction they drove to Oak Street, Bazan gave appellant $25, and appellant entered two residences. Upon his return to the car, appellant gave Bazan two balloons containing a substance later determined to be heroin. Robinson was present throughout the entire transaction. He continued to act as an informer-agent for the Stanislaus County Drug Enforcement Unit (SCDEU) until January 1976. For some time after the October 14, 1975, sale Bazan was acting in an undercover capacity in a narcotic-buyers program run by SCDEU. The day after the sale, Bazan identified appellant as being his seller from the preceding night.

Appellant was arrested on January 1, 1976, for a *burglary* in Mountain View, California. He was incarcerated in the county jail until his conviction in Santa Clara County on March 4, 1976. He was then transferred to state prison in Vacaville. It was stipulated by counsel that appellant's burglary arrest appeared on his "rap sheet" *by* January 20, 1976, and his incarceration in state prison appeared on March 19, 1976.

A complaint was filed and an arrest warrant for the Stanislaus County narcotics violation was issued on March 16, 1976. Attempts were made to serve the warrant at appellant's house on March 26 and April 12, 1976. On April 20, 1976, the Stanislaus County Sheriff's Department Detective Bureau informed SCDEU that appellant was in state prison at Vacaville. The detective bureau had a bench warrant against appellant for violation of probation and offered to notify SCDEU when appellant was brought back to the county on that charge.

The sole reason given for the April 20 - September 23, 1976, delay was that SCDEU's "standard procedure" was to postpone service of an arrest warrant until the defendant was returned to that jurisdiction. No attack is made on the postarrest timetable.

Appellant was returned to Stanislaus County on the bench warrant for probation violation on September 22, 1976. He was arrested for the present violation on September 23, 1976, and arraigned on that charge on September 27, 1976. No "hold" or "detainer" was lodged against appellant for the present charge and there is no evidence that he had been informed of that charge until he was arrested and arraigned. No attempt was made to find Robinson by either the prosecution or the defense until October 26, 1976. Robinson was not present at either the preliminary hearing or the trial.

On October 14, 1976, an information was filed in the Stanislaus County Superior Court charging appellant with the sale of heroin. Appellant was arraigned on October 18, 1976, and entered a plea of not guilty. On November 29, 1976, appellant filed a motion to dismiss the information on the grounds that he was denied his constitutional right to a speedy trial and that further prosecution would deny him due process of law. That matter was heard and denied.

Thereafter, appellant waived jury trial and submitted the case on the transcript of the preliminary examination. Appellant was found guilty

and sentenced to prison for the term prescribed by law, to be served concurrently with any other present sentence.

At trial, William Catzalco, an investigator with the public defender's office, testified that on October 26, 1976, and on November 9, 1976, he tried to locate Robinson at a former address in Modesto, but that Robinson's neighbors, fellow residents, mailman, and landlord had no information as to his whereabouts. Catzalco's November 2, 1976, interview with Robinson's sister yielded information that he was supposed to be in the Fresno area. However, further checking with the telephone company proved negative, as had an earlier checking of the Modesto listings. Bazan testified that he had tried to serve Robinson with a subpoena a week before the trial scheduled for October 29, 1976, but that a check at his former residence turned up no leads. This being his last lead, Bazan made no further efforts, and, as of the hearing date, SCDEU was no longer attempting to serve Robinson.

After testimony at the hearing held three days prior to the scheduled trial date, and during argument on the motion, the deputy district attorney observed, "As to where the missing witness, Charles Robinson is, . . . We are still attempting to locate Mr. Robinson, and, in fact, we do have a new address for him as he is currently on probation. His absence would prejudice our case too, I think, but we are attempting to locate him and hopefully we'll have him here by Monday." The prosecution introduced no testimony as to current efforts to locate Mr. Robinson. Neither side requested a continuance of the trial. The trial court denied appellant's motion, explaining:

"In this particular case, I am impressed with the fact that this is a very close case, and the prejudice which has been shown to the Defendant in this particular case. However, I find that because of the type of program involved, the drug-buy program, and the failure or refusal of the People to disclose the agent until a time subsequent to, until the program had been completed, was reasonable grounds not to file the Complaint any sooner than they did, and that I find that there is no unreasonable delay to this Defendant, and his request and Motion to Dismiss for lack of speedy trial and lack of prosecution is denied.

"I would say this, that it is a very, very close case, but the motion is denied."

The trial court further ruled that Robinson was a material witness as to the charged offense.

Our state Constitution provides: "The defendant in a criminal cause has the right to a speedy public trial, . . ." (Cal. Const., art. I, § 15.)

■ An unreasonable postcomplaint or postindictment delay constitutes a denial of one's right to a speedy trial. (*People* v. *Hannon* (1977) 19 Cal.3d 588, 608 [138 Cal.Rptr. 885, 564 P.2d 1203]; *Jones* v. *Superior Court* (1970) 3 Cal.3d 734, 739-740 [91 Cal.Rptr. 578, 478 P.2d 10]; *People* v. *Archerd* (1970) 3 Cal.3d 615, 639-640 [91 Cal.Rptr. 397, 477 P.2d 421].) Generally, when there has been no violation of a specific legislative implementation of the right to a speedy trial (see, e.g., Pen. Code, §§ 739, 825, 1381-1387), an accused must show that prejudice has resulted because of the postcomplaint or postindictment delay. Once such a showing has been made, there must be proof of a legitimate justification for the delay, and this requires evidence of a valid "police purpose." If both prejudice and a valid "police purpose" are shown, the prejudicial effect of the delay must be weighed against the justification. (*Jones* v. *Superior Court, supra,* 3 Cal.3d 734, 740; *People* v. *Vanderburg* (1973) 32 Cal.App.3d 526, 531 [108 Cal.Rptr. 104]; see *Penney* v. *Superior Court* (1972) 28 Cal.App.3d 941, 950-953 [105 Cal.Rptr. 162].)

The trial court's application of the test will not be disturbed in the absence of an abuse of discretion (*People* v. *Superior Court (Lerma)* (1975) 48 Cal.App.3d 1003, 1007 [122 Cal.Rptr. 167]; *People* v. *Ludviksen* (1970) 8 Cal.App.3d 996, 999 [87 Cal.Rptr. 781]).

■ A person serving a term in state prison cannot complain about the denial of a speedy trial because of a postcomplaint delay regarding a California criminal charge pending at or during his imprisonment unless he first makes a request that he be brought to trial on the pending charge. (See *In re Mugica* (1968) 69 Cal.2d 516, 523 [72 Cal.Rptr. 645, 446 P.2d 525]; *People* v. *Godlewski* (1943) 22 Cal.2d 677, 683-684 [140 P.2d 381]; *People* v. *MacDonald* (1973) 36 Cal.App.3d 103, 114-115 [111 Cal.Rptr. 266]; ABA Standards, Speedy Trial (Approved Draft 1968) std. 3.1 and com. 3.1(c), pp. 36-38; cf. *Smith* v. *Hooey* (1969) 393 U.S. 374, 383 [21 L.Ed.2d 607, 614, 89 S.Ct. 575, 579].) Once such a request is made, failure to bring such prisoner to trial within 90 days thereafter must result in dismissal of the pending charge. (Pen. Code, § 1381.) No showing of good cause will excuse such failure. Further, in order to activate the demand requirement, the law establishes that such prisoner is entitled to

reasonably prompt notice of the pending charge through the filing of a "detainer," "hold," or similar document; otherwise, a prosecutor could refrain from lodging a "detainer" or "hold," thereby thwarting the prisoner's right to demand a speedy trial. (See *In re Mugica, supra,* 69 Cal.2d 516, 524; 2 Cal. Criminal Law Practice (Cont.Ed.Bar 1969) § 23.28, p. 498; ABA Standards, Speedy Trial (Approved Draft 1968) std. 3.1 and com. 3.1(a), pp. 34-35.) Accordingly, when the prosecuting authorities know that the person charged with a criminal offense in their jurisdiction is serving a prison term in a California penal institution, they should either promptly take steps to obtain the prisoner for trial on the pending charge or make certain that the prisoner has notice of the pending charge by filing a "detainer" or "hold" with the appropriate authorities. (See ABA Standards, Speedy Trial (Approved Draft 1968) std. 3.1, subd. (a).) (Cf. Pen. Code, § 1389.)

 While appellant, by reason of his serving a term in a California prison for a different offense, comes within the provisions of Penal Code section 1381, there was no effort by the prosecution to notify appellant of the pending offense. Thus, appellant did not have the opportunity to make the 90-day demand under the statute. In effect, he asserts that the 90-day period should be applied to the pending offense and the case be dismissed. We decline to apply the 90-day period by analogy. Absent a request for trial, there is no particular starting date for such a 90-day period. Unlike the 60-day requirement of Penal Code section 1382, failure to prosecute within 90 days under Penal Code section 1381 cannot be excused by a showing of good cause for the delay (except where the accused causes the delay). (See *People* v. *Manina* (1975) 45 Cal.App.3d 896, 901 [120 Cal.Rptr. 51].) In addition, there is no way of knowing whether a properly noticed appellant would have requested trial in this case. The statute simply does not cover the situation of possible abuse by the prosecution in not promptly placing the hold on the appellant.

Under all the circumstances, to hold that a 90-day delay from some speculative starting time determined by some sort of divination is prima facie unconstitutional would be an unnecessary impediment placed on the People which is not required by the law. If the Legislature had wanted to provide for the commencement of the 90-day period by some fixed or determinable event or by the passage of a reasonable time under some conditions other than presently provided in the statute, it could easily have done so. Judicial establishment of such a change would be encroaching on the legislative power. This conclusion does not leave the appellant or others similarly situated without a remedy.

■ We conclude that where no "hold," "detainer," or similar document has been placed on a prisoner which would alert him to the right to exercise his choice under Penal Code section 1381, the failure to request trial under that statute is excused and the standard to apply to a claim of denial of a speedy trial is the same basic test for such a claim where no specific statute is involved, i.e., by "weighing the prejudicial effect of the delay on defendant against any justification for the delay." (*People* v. *Hannon, supra,* 19 Cal.3d 588, at p. 608.)

■ We proceed to apply that standard to the facts of this case. The trial court specifically found that appellant had been prejudiced by the delay. Whether a delay is prejudicial is a question of fact for the trial court and the finding will not be disturbed if it is supported by substantial evidence. (*People* v. *Mitchell* (1972) 8 Cal.3d 164, 167 [104 Cal.Rptr. 348, 501 P.2d 916]; *People* v. *Wright* (1969) 2 Cal.App.3d 732, 736 [82 Cal.Rptr. 859].) The informant, Robinson, was a material witness to the sale. Efforts to locate Robinson were to no avail. Robinson's testimony appears to be the only way (other than appellant's own testimony) available to contest (or substantiate) the undercover officer's version of the facts. Appellant was clearly prejudiced. (See *Jones* v. *Superior Court, supra,* 3 Cal.3d 734, at pp. 740-741; *Rice* v. *Superior Court* (1975) 49 Cal.App.3d 200, 206 [122 Cal.Rptr. 389].)

Thus, we must look to what, if any, justification existed for the delay. The trial court found (see above quoted remarks of the trial judge) that the October 14 - March 16 delay was justified by the on-going buy program. We held in *Vanderburg* (*People* v. *Vanderburg, supra,* 32 Cal.App.3d 526, at p. 532) that this was a legitimate justification for delay (see also *People* v. *Wright, supra,* 2 Cal.App.3d 732, at p. 736). That justification disappeared when the complaint was filed against the appellant and the warrant was issued. For the period March 16, 1976, to April 19, 1976, there is substantial evidence that during that time law enforcement made reasonable efforts, though unsuccessful, to locate the appellant. On April 20, 1976, SCDEU authorities learned of the precise location of the appellant. Nevertheless, they elected to do nothing to either return the appellant to Modesto or to notify him of the charges against him. Respondent contends that the five-month delay, from April 20, 1976, to appellant's arrest, was adequately justified by a showing that it was a reasonable, standard procedure followed by SCDEU to hold up service of an arrest warrant until a defendant has been returned to their jurisdiction, as was done in this case. We disagree. No underlying reason was even suggested for this "standard procedure." No legitimate (com-

pelling or otherwise) law enforcement purpose has been brought to our attention. Such a "standard procedure" would for all practical purposes seriously weaken Penal Code section 1381. The prosecution cannot substitute its own views of good procedure for the legislative mandate of the statute. The "standard procedure" would effectively impose a nonjudicial and nonlegislative form of consecutive sentence.

The five-month delay was "purposeful." (See *Pollard* v. *United States* (1957) 352 U.S. 354, 361 [1 L.Ed.2d 393, 399, 77 S.Ct. 481]; *People* v. *Hannon, supra,* 19 Cal.3d 588, 610, fn. 12; *People* v. *Archerd, supra,* 3 Cal.3d 615, 640; *People* v. *Williams* (1973) 30 Cal.App.3d 502, 508 [106 Cal.Rptr. 324].)

■ We further hold that once the defendant has shown prejudice, the burden shifts to the People to show on the record that the prejudice has disappeared and no longer exists. Otherwise, the prejudice is presumed to continue and in such a situation, in order to avoid a dismissal, the People must show justification for the entire period of delay.

Respondent contends that in the balancing process we should consider "the indisputable evidence of guilt." However, in *Vanderburg (People* v. *Vanderburg, supra,* 32 Cal.App.3d 526, at p. 533) we made it clear that evidence of guilt only enters the balance when a legitimate justification for delay has been shown. As to the last five months of the delay in this case, the prosecution has not shown any legitimate justification.

The argument by respondent that appellant failed to seek a continuance based on the prosecutor's representation as to the acquisition of Robinson's new address constitutes a waiver of the right to complain of Robinson's absence misconceives the respective burdens of the parties under the existing law. Once appellant made a prima facie showing of prejudice, the prosecution had the burden to either rebut that showing or to show a legitimate reason for the delay. If the prosecution wanted to rebut by producing Robinson, *it* should have sought the continuance. So far as we know, Robinson has still not yet been located. We do not consider the effect on further prosecution of the appellant if Robinson is, in fact, located before the statute of limitations has run.

For the above reasons, we hold that the appellant's right to a speedy trial was denied.

The judgment is reversed.

Franson, Acting P. J., and Nairn, J.,* concurred.

---

*Assigned by the Chairperson of the Judicial Council.