64 Cal.Rptr.3d 367 (2007)
154 Cal.App.4th 81
The PEOPLE, Plaintiff and Respondent,
v.
David Eric WAGNER, Defendant and Appellant.
No. C052049.
Court of Appeal of California, Third District.
August 14, 2007.
*368 John Doyle, under appointment by the Court of Appeal, Los Angeles, for Defendant and Appellant.
*369 Bill Lockyer, Attorney General, Mary Jo Graves, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Charles A. French and Angelo S. Edralin, Deputy Attorneys General, for Plaintiff and Respondent.
DAVIS, Acting P.J.
In this appeal we conclude that the speedy sentencing rights provided by Penal Code sections 1381 and 1203.2a apply to a probation revocation proceeding where imposition of sentence was originally suspended. These two sections provide a defendant with alternative methods for obtaining sentencing.[1] Here, in a probation revocation proceeding, the trial court sentenced defendant beyond the 90-day time period mandated by section 1381. Because counsel was ineffective in failing to timely move to dismiss, the revocation proceeding must be voided (as it should have been dismissed on this jurisdictional basis) and the sentence imposed at that proceeding must be vacated. Finally, we conclude that under section 1387 the People may refile the probation revocation proceeding, obtain a summary revocation of probation, and seek a revocation order and sentence (which accounts for all time served) before defendant's tolled probationary period ends on November 9, 2007.

BACKGROUND
On October 31, 2003, defendant David Eric Wagner pleaded no contest in Yolo Superior Court case No. CRF 03-6456 to a single count of violating Health and Safety Code section 11379, subdivision (a) (unlawful transportation of a controlled substance), and admitted a prior conviction within the meaning of Health and Safety Code section 11370.2 (prior conviction involving a controlled substance). The trial court suspended imposition of sentence and placed defendant on probation for three years pursuant to Proposition 36 (drug treatment program).
On July 12, 2005, the Yolo County Probation Office petitioned to revoke defendant's probation. The petition alleged that defendant had violated his probation by being convicted in Sacramento Superior Court on February 2, 2005, of two felonies(1) receipt of stolen property (§ 496, subd. (a)) and (2) possession of a controlled substance (Health & Saf.Code, § 11377, subd. (a))for which he was currently serving a 16-month prison sentence.
Sometime thereafter in July 2005, defendant was given a form, dated July 19, 2005, titled "Inmate Notification of Detainer Receipt." The form indicated that a detainer had been filed against defendant: he was wanted by the West Sacramento Police Department on charges of "H & S 11379(A), Warrant Number ... 03-6456." The form added that he could "request disposition of untried charges in accordance with Section 1381 P.C."
Defendant sent a section 1381 trial-sentencing demand for his alleged probation violation to the Yolo County District Attorney, postmarked July 22, 2005. The demand was stamped as received by the district attorney's office on July 26, 2005. The matter was set for hearing in Yolo Superior Court on September 8, 2005.
On September 8, defendant informed the Yolo Superior Court that his prison release date on his February 2005 Sacramento convictions was September 28, 2005. The probation revocation matter was continued until October 6, 2005.
On October 6, defendant requested that the probation matter be set for hearing and a preadmission report. The deputy district attorney mistakenly represented to *370 the court that her office had received defendant's section 1381 demand on July 28, 2005 (it was actually received July 26). The court clerk calculated the 90-day deadline specified in section 1381 (this deadline applies to both trial on new charges and sentencing on old ones), from the receipt date of July 28, as October 26. Accordingly, the court set the hearing for October 25, 2005.
On October 25, defense counsel, noting possible time issues involving sections 1381 or 1203.2, nevertheless requested a continuance to later in the week to discuss a possible resolution. The matter was continued to the next day. On that day, October 26, defendant requested a one-week continuance to consult with the probation office. Defendant entered a time waiver from the October 26 date forward, and the court continued the matter.
On December 2, 2005, defendant moved to dismiss the probation revocation proceeding pursuant to section 1203.2a, alleging the Yolo Superior Court lost jurisdiction to sentence him. The Yolo court denied defendant's motion and defendant admitted the probation violation.
On February 27, 2006, the Yolo Superior Court sentenced defendant to a five-year term in state prison, from which defendant has appealed.

DISCUSSION

1. Application of Section 1381 to Probation Revocation Proceedings
Defendant contends the Yolo Superior Court lost jurisdiction over his probation revocation proceeding for failing to sentence him within 90 days of the district attorney's receipt of his section 1381 trial-sentencing demand for his probation violation. We agree.
Section 1381 provides in pertinent part:
"Whenever a defendant has been convicted, in any court of this state, of the commission of a felony ... and has been sentenced to and has entered upon a term of imprisonment ... and at the time of the entry upon the term of imprisonment ... there is pending, in any court of this state, any other indictment, information, complaint, or any criminal proceeding wherein the defendant remains to be sentenced, the district attorney of the county in which the matters are pending shall bring the defendant to trial or for sentencing within 90 days after the person shall have delivered to said district attorney written notice of the place of his or her imprisonment ... and his or her desire to be brought to trial or for sentencing unless a continuance beyond the 90 days is requested or consented to by the person, in open court.... In the event that the defendant is not brought to trial or for sentencing within the 90 days the court in which the charge or sentencing is pending shall, on motion or suggestion of the district attorney, or of the defendant ... or his or her counsel ... or on its own motion, dismiss the action."
As this court has noted, the principal purpose "of section 1381 `is to permit a defendant to obtain concurrent sentencing at the hands of the court in which the earlier proceeding is pending, if such is the court's discretion.'" (People v. Boggs (1985) 166 Cal.App.3d 851, 855, 212 Cal. Rptr. 683 (Boggs), quoting Boles v. Superior Court (1974) 37 Cal.App.3d 479, 484, 112 Cal.Rptr. 286 (Boles); see also § 669 [§ 669 provides that sentences default to concurrent if the trial court fails to order otherwise].) Section 1381 also acts to clean up pending charges, limit anxiety attendant to unresolved charges, and avoid prolonged imprisonment. (Boggs, supra, 166 Cal.App.3d at p. 855, 212 Cal.Rptr. 683; see also People v. Broughton (2003) *371 107 Cal.App.4th 307, 319, 133 Cal.Rptr.2d 161 (Broughton).)
Section 1381 applies, as relevant here, to any person who, at the time of entry upon the term of imprisonment for a California felony conviction, has "pending ... any [California] criminal proceeding wherein [he] remains to be sentenced." There has been some disagreement among the Courts of Appeal as to whether section 1381 applies to a defendant awaiting a probation revocation proceeding. (Compare Rudman v. Superior Court (1973) 36 Cal.App.3d 22, 111 Cal.Rptr. 249 (Rudman), People v. Johnson (1987) 195 Cal. App.3d 510, 240 Cal.Rptr. 748 (Johnson), People v. Ruster (1974) 40 Cal.App.3d 865, 115 Cal.Rptr. 572 (Ruster) [Johnson and Ruster were disapproved on other grounds in In re Hoddinott (1996) 12 Cal.4th 992, 1005, 50 Cal.Rptr.2d 706, 911 P.2d 1381], and Boles, supra, 37 Cal.App.3d 479, 112 Cal.Rptr. 286 [§ 1381 applies to probation revocation proceedings], with Broughton, supra, 107 Cal.App.4th 307, 133 Cal. Rptr.2d 161 [a split decision holding that the substantively identical section 1381.5 does not apply to probation revocation proceedings].)
In Rudman, the Court of Appeal held that section 1381 applies to probationers who have been incarcerated on another California offense and thereby have a probation revocation proceeding pending against themwhere imposition of sentence was suspended when probation was granted (we will refer to such probationers as "incarcerated probationers"). (Rudman, supra, 36 Cal.App.3d at pp. 24, 27, 111 Cal.Rptr. 249.) Rudman implicitly reasoned that, under these circumstances, an incarcerated probationer faces, within the contemplation of section 1381, a pending criminal proceeding wherein he "remains to be sentenced." (Ibid.; see also Ruster, supra, 40 Cal.App.3d at p. 872, 115 Cal.Rptr. 572.) The Rudman court concluded that a failure to hold a probation revocation hearing within 90 days of a defendant's section 1381 demand for such a hearing requires dismissal of the probation revocation proceeding. (Rudman, supra, 36 Cal.App.3d at p. 27, 111 Cal.Rptr. 249.) Rudman also noted that under section 1381 a defendant "has a statutory right to be sentenced on the [underlying conviction on which probation was originally granted] within 90 days of giving appropriate notice to the district attorney." (Ibid.)
The Rudman court found that sections 1381 and 1203.2a do not conflict, even though both sections contemplate speedy sentencing. There is no conflict because section 1381 provides defendants an opportunity to appear at the sentencing hearing and defend in person with counsel, while section 1203.2a allows a defendant to waive his right to be present and represented by counsel. (Rudman, supra, 36 Cal.App.3d at p. 27, 111 Cal.Rptr. 249.)
A split decision in Broughton rejected the holding of Rudman and its progeny, and concluded that the substantively identical section 1381.5 does not apply to an incarcerated probationer awaiting a probation revocation hearing where imposition of sentence was suspended when probation was granted.[2] (Broughton, supra, 107 Cal. App.4th at pp. 316-320, 133 Cal.Rptr.2d 161.) The majority in Broughton found that under the wording of section 1381.5, dismissal of the "`action'" (for untimely sentencing) would require dismissal of the *372 underlying conviction (on which probation was originally granted), and this would be an absurd result. (Id. at p. 317, 133 Cal. Rptr.2d 161.) The majority, therefore, interpreted section 1381.5 as a legislative attempt to provide speedy trial (sentencing) rights to persons awaiting an initial sentencing hearing, but not to persons awaiting probation revocation proceedings who had already been "`brought'" before the court "`for sentencing"" by being granted probation. (Id. at pp. 316-317, 133 Cal.Rptr.2d 161.)
We take issue with the majority's analysis in Broughton in three respects. First, the majority refused to apply section 1381.5 (and hence, section 1381) to defendants awaiting probation revocation proceedings mainly because dismissal of the "action"the word these statutes use would lead to the absurd result of dismissing the underlying conviction on which probation was originally granted. But the Broughton majority provided little or no support for its interpretation of the word "action" in the context of sections 1381.5 and 1381. (Broughton, supra, 107 Cal. App.4th at p. 317, 133 Cal.Rptr.2d 161.)
We think it is more reasonable to read the word "action" in sections 1381 and 1381.5 as requiring dismissal of the probation revocation proceeding (as the Rudman court did), instead of limiting the application of these statutes, in the sentencing context, to an "initial sentencing hearing" (as the Broughton majority did), a phrase that does not appear in the statutes. The term "action" is used in section 1381 because that section broadly requires the dismissal of an indictment, information or complaint for not timely trying new charges, as well as the dismissal of a criminal proceeding for not timely sentencing old charges. Black's Law Dictionary defines "action" broadly as a "civil or criminal judicial proceeding." (Black's Law Dict. (7th ed.1999) p. 28.) Under this definition, a probation revocation proceeding is an action.
Our reading of section 1381, moreover, reasonably designates a probation revocation proceedingin light of its underlying criminal conviction in which imposition of sentence was suspendedas a "pending ... criminal proceeding wherein the defendant remains to be sentenced," in the language of sections 1381 and 1381.5. This reading makes sense because probation must be revoked before a sentence can be imposed. Such a reading likewise accords with section 1381's language, "at the time of the entry upon the term of imprisonment ... there is pending, in any court of this state, ... any criminal proceeding wherein the defendant remains to be sentenced." And, as is usually the case, here the Yolo County Probation Department obtained a court order summarily revoking defendant's probation when it filed its petition to revoke probation. A summary revocation of probation bolsters the view that sentencing remains to be done.
Second, the majority in Broughton based its reading of section 1381.5 (and hence, § 1381) on the existence of the speedy sentencing procedure provided in section 1203.2a. However, the Broughton majority failed to account for substantive distinctions between sections 1381 and 1203.2a. (Broughton, supra, 107 Cal. App.4th at pp. 320-321, 133 Cal.Rptr.2d 161.) Under section 1203.2a, a defendant may request imposition of sentence only if he waives the right to be present and have counsel represent him at the hearing; in other words, speedy sentencing under section 1203.2a is sentencing in absentia. In contrast, section 1381 gives the defendant an opportunity to appear before the court with counsel, so that he may defend against the probation revocation charges, the sentence, or both. (§ 1381; see Rudman, *373 supra, 36 Cal.App.3d at p. 27, 111 Cal.Rptr. 249.)
And third, but not least, the Broughton majority's reading of section 1381.5, in the sentencing context as limited to initial sentencing hearings, would undermine the principal purpose of section 1381, as stated by this court. That purpose is to permit an incarcerated probationer, whose imposition of sentence was originally suspended, to obtain concurrent sentencing if such is the court's discretion. (Boles, supra, 37 Cal.App.3d at p. 484, 112 Cal.Rptr. 286; Boggs, supra, 166 Cal.App.3d at p. 855, 212 Cal.Rptr. 683; see Broughton, supra, 107 Cal.App.4th at p. 316, fn. 12, 133 Cal. Rptr.2d 161.)
In sum, the majority's interpretation in Broughton requires reading the words "initial sentencing hearing" into section 1381, forces an incarcerated probationer awaiting a probation revocation proceeding to use the less protective section 1203.2a procedure, and undermines the principal purpose of section 1381. Our interpretation of the word "action" in section 1381 to require a dismissal of the probation revocation proceeding, and not the underlying conviction on which probation was originally granted, does not read the statute in a strained way. Nor does our interpretation place defendants at the mercy of the court in order to exercise their right to concurrent sentencing under section 669 (as noted above, under section 669, sentences default to concurrent if the trial court does not order otherwise). Nor does our interpretation result, as we shall see later in this opinion, in incarcerated probationers serving no time on their underlying convictions because of the mere fortuity of the 90-day sentencing deadline of section 1381 being missed. (See § 1387 [companion statute to § 1381 that we subsequently interpret to allow a refiling of felony-based probation revocation charges].)
We agree with Rudman and its progeny, and conclude that where a defendant has been placed on probation with imposition of sentence suspended and the defendant is subsequently incarcerated on another matter, a probation revocation proceeding is, in the words of section 1381, a "pending ... criminal proceeding wherein the defendant remains to be sentenced." Section 1381 applies to such a probation revocation proceeding and a dismissal of the "action" under section 1381, in this context, is the dismissal of the probation revocation proceeding.[3]

2. Application of Section 1381 in the Present Case
Defendant contends that his underlying Yolo Superior Court conviction (for which probation was granted) should have been dismissed for failure to comply with the 90-day deadline of section 1381. Defendant correctly points out that his probation revocation (sentencing) hearing was set for October 25, 2005, which was one day past the actual 90-day deadline of October 24. Defendant recognizes that his counsel did not file a motion to dismiss under section 1381 when the court set the probation revocation proceeding beyond the 90 days, but claims his counsel was ineffective in failing to do so. The Attorney General argues that defendant consented to be sentenced outside the 90-day period when he did not object to setting the revocation proceeding for October 25, one day past the 90-day time limit.
*374 We cannot accept the Attorney General's argument, because defendant was under the mistaken belief, based on a representation made by the deputy district attorney as to when her office received defendant's section 1381 demand, that the 90 days did not run until October 26, 2005. The People cannot use their own mistake to defendant's disadvantage. In actuality, defendant never consented to setting the hearing outside of the 90-day period, which he believed to end on October 26. Defendant did not enter a time waiver until October 26, and it was a conditional waiver that preserved any rights he had under the 90-day statutory period of section 1381 and that waived time prospectively only. Therefore, defendant did not waive his rights by failing to object to the hearing (sentencing) being set beyond the actual 90-day time period.
That leaves the issue of defense counsel's failure to bring a motion to dismiss for being outside the 90-day period of section 1381. Defendant contends this failure constitutes ineffective assistance of counsel, and requires dismissal of the underlying Yolo Superior Court conviction (for which probation was granted). To prove ineffective assistance of counsel, defendant must show: (1) that his counsel's representation fell below an objective standard of reasonableness under prevailing professional norms, and (2) that this failure was prejudicial. People v. Ledesma (1987) 43 Cal.3d 171, 215-218, 233 Cal. Rptr. 404, 729 P.2d 839; Strickland v. Washington (1984) 466 U.S. 668, 687-696, 104 S.Ct. 2052, 80 L.Ed.2d 674.)
Defense counsel here failed to bring a motion to dismiss the probation revocation (sentencing) proceeding for being outside the statutory 90-day period of section 1381. From the record it appears that everyone was operating under the incorrect assumption that the 90 days ran on October 26 instead of October 24, based on the deputy district attorney's statement as to when her office received defendant's section 1381 trial-sentencing demand. However, defense counsel had a duty to independently calculate the end of this critical 90-day period, and could not simply rely on representations made by opposing counsel. (See People v. Plager (1987) 196 Cal.App.3d 1537, 1543, 242 Cal. Rptr. 624 (Plager) [holding defense counsel rendered ineffective assistance for failing to independently determine whether defendant's prior convictions constituted strikes].)
We find that defense counsel's failure to move to dismiss under section 1381 fell below an objective standard of reasonableness. There was no tactical reason for defense counsel not to move for dismissal. (See Plager, supra, 196 Cal.App.3d at p. 1543, 242 Cal.Rptr. 624.) There is no indication in the record that defendant was promised a more favorable outcome if he agreed to go past the 90-day deadline, and no outcome could have been more favorable than a dismissal of the action.
We also find that defendant was prejudiced by defense counsel's failure to move to dismiss. At the most, this failure deprived defendant of dismissal of the probation revocation proceeding and consequent sentencing. At the least, this failure deprived defendant of his right to be sentenced in a timely manner, within 90 days of receipt of his demand, as provided by section 1381 (so as to obtain concurrent sentencing, clean up pending charges, limit anxiety attendant to them, and avoid prolonged imprisonment). (See Boggs, supra, 166 Cal.App.3d at p. 855, 212 Cal.Rptr. 683; see also Broughton, supra, 107 Cal. App.4th at p. 319, 133 Cal.Rptr.2d 161; Rudman, supra, 36 Cal.App.3d at p. 27, 111 Cal.Rptr. 249.) The legislative requirement of dismissal of the "action" for *375 failure to comply with section 1381's time restrictions strengthens our finding of prejudice for defense counsel's failure to demand adherence to those restrictions.
Based on our interpretation of section 1381 as applying to probation revocation proceedings and our finding of ineffective assistance of counsel here, the probation revocation proceeding must be voided under section 1381 (as it should have been dismissed on this jurisdictional basis) and the imposition of sentence at that proceeding must be vacated.

3. Application of Section 1387
Although the Yolo Superior Court probation revocation proceeding must be voided and the imposition of sentence at that proceeding vacated, a companion statute to section 1381, section 1387, allows the People an opportunity to refile the probation revocation proceeding within defendant's probationary period.
Section 1387, subdivision (a), states in pertinent part:
"An Order terminating an action pursuant to this chapter [which includes section 1381] ... is a bar to any other prosecution for the same offense if it is a felony ... and the action has been previously terminated pursuant to this chapter...." (Italics added.)
Reading this statute as if it were written in plain English, it gives the People one opportunity to refile an action that has been dismissed under section 1381, if the charged offense was a felony. We have interpreted section 1381 as applying to the "action" of a probation revocation proceeding. Consistent with that interpretation, we find that section 1387 applies to probation revocation proceedings based on felony charges.
Defendant was alleged to have violated his probation in Yolo County because he was convicted of two felony convictions in Sacramento County on February 2, 2005. In deciding whether section 1387 applies in this case we must examine whether the probation revocation proceeding (1) was based on a subsequent felony conviction, and (2) had been previously terminated. In this case, the probation revocation proceeding was based on defendant's subsequent felony convictions for receipt of stolen property and possession of a controlled substance. There is nothing in the record indicating that the probation revocation proceeding had been previously terminated. Therefore, the People have one opportunity under section 1387 to refile the probation revocation proceeding (and immediately seek a summary revocation of probation) before the end of defendant's probationary period.
But when does defendant's probationary period end? Defendant was placed on probation for a period of three years, beginning October 31, 2003. Thus, defendant's probation would have ended on October 31, 2006. Under this calculation, the People would have lost the opportunity to refile the probation revocation proceeding after October 31, 2006, because a probation revocation order must naturally be made within the probationary period. (§§ 1203.2, subd. (a), 1203.3, subd. (a).) However, defendant's probation was summarily revoked on two occasions during that three-year period. Summary revocation of probation tolls the running of the probationary period. (§ 1203.2, subd. (a).)
The first period of summary revocation was from June 7, 2004, until October 29, 2004, when defendant was reinstated on probation. The second period of summary revocation ran from July 12, 2005, to February 27, 2006, when defendant was sentenced to the five years in prison for the offenses underlying his Yolo County probation. The total period of tolling was 374 *376 days. Adding this period to the end of. defendant's original probationary period makes November 9, 2007, the actual date probation will end. The People will have until that date to refile the probation revocation charges if they choose to do so. (To keep the probation period from running, the People will have to obtain another summary revocation of probation.)

4. Application of Section 1203.2a
Even though we have decided that the Yolo County probation revocation (sentencing) proceeding must be voided under section 1381, we must also address defendant's section 1203.2a contention because a violation of this statute would deprive the court of any further jurisdiction over the proceeding.
Defendant contends he was not informed of his rights under section 1203.2a, and as such his section 1381 trial-sentencing demand should have been treated as if it were a request to the court for sentencing in absentia under section 1203.2a. We conclude defendant received the required notification of the pending proceedings and he did not properly comply with the requirements of section 1203.2a.
Section 1203.2a states in pertinent part:
"If any defendant who has been released on probation is committed to a prison in this state or another state for another offense, the court which released him or her on probation shall have jurisdiction to impose sentence, if no sentence has previously been imposed for the offense for which he or she was granted probation, in the absence of the defendant, on the request of the defendant made through his or her counsel, or by himself or herself in writing.... [¶] ... [¶] ... [¶] ... If sentence has not been previously imposed and if the defendant has requested the court through counsel or in writing in the manner herein provided to impose sentence in the case in which he or she was released on probation in his or her absence and without the presence of counsel to represent him or her, the court shall impose sentence.... If the case is one in which sentence has not previously been imposed, the court is deprived of jurisdiction over defendant if it does not impose sentence ... within 30 days after defendant has, in the manner prescribed by this section, requested imposition of sentence."
Courts refer to this 30-day period as the second jurisdictional clock of section 1203.2a. (In re Hoddinott (1996) 12 Cal.4th 992, 999, 50 Cal.Rptr.2d 706, 911 P.2d 1381.) Failure to adhere to any one of the three jurisdictional clocks recognized in section 1203.2a divests the court of jurisdiction. (Ibid.)
Section 1203.2a does not specify any duty to notify a defendant of pending proceedings so he can obtain a prompt disposition of those proceedings. However, courts interpreting section 1203.2a, including this one, have concluded that there is a duty, founded on the constitutional guarantee of a speedy trial, to notify a defendant of pending proceedings against him; this is so the defendant may avail himself of any right to prompt disposition of those proceedings. (Johnson, supra, 195 Cal. App.3d at p. 515, 240 Cal.Rptr. 748, disapproved on other grounds in In re Hoddinott, supra, 12 Cal.4th at p. 1005, 50 Cal. Rptr.2d 706, 911 P.2d 1381; see People v. Cave (1978) 81 Cal.App.3d 957, 965, 147 Cal.Rptr. 371 (Cave) [requiring such notice under similar statute, § 1381]; People v. Young (1991) 228 Cal.App.3d 171, 175, 278 Cal.Rptr. 784 (Young).)
In the present case, defendant was given an "Inmate Notification of Detainer Receipt" form that stated:
"On 07/19/2005, a detainer was filed against you. This detainer indicates that *377 you are wanted by West Sacramento Police Department on charges of H & S 11379(A), Warrant Number # BW-03-6456."
This form also told defendant to refer only to the boxes marked. The section 1381 box was marked; the section 1203.2a box was not.
We conclude that this notification satisfied the implied notice requirement of section 1203.2a. The cases do not require that defendant be specifically notified of each statute under which he might have a remedy; only that he has a proceeding pending against him, which could alert him to the fact that he may have a right to speedy resolution of that proceeding. (Young, supra, 228 Cal.App.3d at p. 175, 278 Cal. Rptr. 784; Johnson, supra, 195 Cal.App.3d at p. 515, 240 Cal.Rptr. 748; see Cave, supra, 81 Cal.App.3d at p. 965, 147 Cal. Rptr. 371.) While the notice in this case did not inform defendant of a possible remedy under section 1203.2a, it did inform him that a detainer had been filed against him indicating that he was wanted by the West Sacramento Police on charges of Health and Safety Code section 11379, subdivision (a), on warrant No. 03-6456. From this notice, defendant could discern that there was a pending proceeding in Yolo Superior Court regarding his conviction for violating Health and Safety Code section 11379, subdivision (a). His underlying 2003 Yolo Superior Court conviction was for violating that Health and Safety Code section and subdivision, and his Yolo Superior Court case number was 03-6456. Indeed, defendant's section 1381 trial-sentencing demand, sent after this notice, specified: "I have reason to believe that the following criminal action is now pending against me in Yolo County.... The charges: Violation Prop 36. Warrant # ?[,] Case 03F6456. Court (Location): Yolo Co. Arresting Agency: West Sacramento Police Dept."
Having received adequate notice, defendant cannot claim that his section 1381 demand should have been treated as a request for sentencing in absentia under section 1203.2a, thereby depriving the trial court of jurisdiction for failing to impose sentence within the 30-day period. Loss of jurisdiction over a convicted felon requires strict compliance with the statute. (People v. Hall (1997) 59 Cal.App.4th 972, 981, 69 Cal.Rptr.2d 826.) Section 1203.2a requires defendant to send a written request for sentencing in absentia to the court to trigger the start of the 30-day jurisdictional time clock. Defendant never sent the trial court a request for sentencing in absentia. The section 1381 trial-sentencing demand that defendant sent to the district attorney's office did not comply with the requirements of section 1203.2a. Therefore, we find that the trial court did not lose jurisdiction under section 1203.2a.

DISPOSITION
The Yolo Superior Court is ordered to (1) void the challenged probation revocation/sentencing proceeding (as it should have been dismissed on jurisdictional grounds); (2) vacate the sentence imposed at that proceeding; and (3) release defendant from custody. Defendant's tolled probationary period from his 2003 Yolo County conviction ends on November 9, 2007. If the People choose to do so, they must refile the probation revocation proceeding prior to that date (and obtain a summary revocation of probation to toll the probationary period). If the People do so, they may seek a revocation order and sentence (which accounts for all time *378 served).[4]
We concur: RAYE and HULL, JJ.
NOTES
[1] Hereafter, undesignated section references are to the Penal Code.
[2] Broughton construed section 1381.5, a statute under which federal prisoners in California may request speedy disposition of a pending California state court proceeding. However, the language that the court was interpreting is identical to the language in section 1381, and Broughton invoked section 1381 in its analysis.
[3] We recognize that this court in Ruster suggested that dismissal of the action under section 1381 would require dismissal of the underlying conviction. (Ruster, supra, 40 Cal. App.3d at p. 873, 115 Cal.Rptr. 572.) However, the facts of Ruster did not require a decision on that issue and this suggestion was made in the context of a rhetorical point.
[4] The issue of custody credits will be considered by the trial court if the People decide to re-file the probation revocation proceeding; therefore, we need not address that issue here.