Filed 10/17/23

**CERTIFIED FOR PUBLICATION**

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, | |
|     Plaintiff and Appellant, | E079991 |
| v. | (Super. Ct. No. RIF1700495) |
| DANNY MANZO, | OPINION |
|     Defendant and Respondent. | |

APPEAL from the Superior Court of Riverside County. Jeffrey Prevost, Judge. Reversed.

Michael A. Hestrin, District Attorney, Gary S. Rogh, and Kristen J. Allison, Deputy District Attorneys, for Plaintiff and Appellant.

Elisa A. Brandes, under appointment by the Court of Appeal, for Defendant and Respondent.

1

# I.

## INTRODUCTION

Plaintiff and appellant, The Riverside County District Attorney appeals the trial court's dismissal of three felony charges against defendant and respondent Danny Manzo due to evidence lost during the prosecution's five-year delay in prosecuting the case after filing charges against defendant. Because there is no evidence that the loss of evidence prejudiced defendant, we reverse the order dismissing the complaint.

# II.

## FACTUAL AND PROCEDURAL BACKGROUND

On January 1, 2017, defendant was pulled over for using his cell phone while driving. After learning that defendant was driving with a suspended license, the officer ordered him out of the car. According to the officer, defendant admitted there was a gun in the car. The officer searched the car and found a gun and a methamphetamine pipe with drug residue. The officer then learned that defendant was a convicted felon and arrested him.

While defendant was out on bail, he was arrested a few weeks later in San Bernardino County for armed robbery and booked into San Bernardino County jail, where he remained until May 2017, when he was sentenced to eight years in prison for the robbery.

In February 2017, however, the Riverside County District Attorney filed a complaint charging defendant with being a felon in possession of a firearm (Pen. Code,

§ 29800, subd. (a)(1); count 1) and ammunition (Pen. Code, § 30305, subd. (a); count 2), and possessing a loaded firearm while under the influence of a controlled substance (Health & Safety Code, § 11550, subd. (e); count 3). Defendant did not appear at his arraignment on February 15, 2017, so his bail was forfeited, and a warrant for his arrest issued.

Five years later, after defendant completed his sentence in the San Bernardino robbery case, he was arrested and arraigned on the outstanding charges in Riverside County in April 2022. Defendant moved to dismiss the charges on the ground that the delay in prosecuting him violated his due process rights under article I, section 15 of the California Constitution. Defendant claimed that the delay between the filing of charges against him and his arraignment prejudiced him for several reasons, including that video footage of his arrest from the officer's dashcam was no longer available. In opposition, the District Attorney's only argument was that defendant suffered no actual prejudice from the delay.

The trial court found that the missing dashcam footage caused defendant prejudice. The court reasoned: "The existence of the dashcam is problematic. I tend to agree with the prosecution that the loss of any dashcam footage can be prejudicial to prosecution of the case just as much as it might be prejudicial to defense. But I think that that doesn't obviate the fact that there is some prejudice that ensued to the defense from the unavailability of such evidence, which could possibly substantiate defense claims that the circumstances of the arrest were not as claimed by the law enforcement agency

performing the arrest. I think to some extent that that does constitute prejudice." The court therefore granted defendant's motion to dismiss the complaint. The District Attorney timely appealed.

## III.

## DISCUSSION

The District Attorney argues the trial court erred in dismissing the case because defendant suffered no prejudice from the delay. We agree.

Under article I, section 15 California constitution, an unreasonable post-complaint delay constitutes a denial of the right to a speedy trial. (*Jones v. Superior Court* (1970) 3 Cal.3d 734, 739-740.) To warrant dismissal on such grounds, the defendant must first show *actual* prejudice resulting from the delay. (*Id*. at p. 740.) The showing of actual prejudice must be made on competent evidence and "must be supported by particular facts and not . . . by bare conclusionary statements." (*Crockett v. Superior Court* (1975) 14 Cal.3d 433, 442.) Speculative arguments are inadequate to establish actual prejudice. (See, e.g., *People v. Jones* (2013) 57 Cal.4th 899, 923; *People v. Abel* (2012) 53 Cal.4th 891, 909; *People v. Alexander* (2010) 49 Cal.4th 846, 875-876 (*Alexander*).) Instead, the defendant must affirmatively demonstrate having suffered actual prejudice as a result of the delay, not just the possibility of prejudice. (*People v. Abel*, *supra*, at p. 909.)

If—and only if—the defendant shows actual prejudice from a delayed prosecution, "the prosecution must show justification for the delay. If the prosecution does that, the trial court must balance the prejudice to the defendant resulting from the delay against the

4

prosecution's justification for the delay. [Citation.]" (*People v. Lowe* (2007) 40 Cal.4th 937, 942.) "[T]he more reasonable the delay, the more prejudice the defense would have to show to require dismissal." (*Ibarra v. Municipal Court* (1984) 162 Cal.App.3d 853, 858.) But if the defendant fails to satisfy the initial burden of showing actual prejudice, "there is no need to determine whether the delay was justified." (*People v. Jones*, *supra*, 57 Cal.4th at 921.)

We review a trial court's ruling on a motion to dismiss for prejudicial delay for an abuse of discretion and defer to any underlying factual findings if supported by substantial evidence. (*People v. Cowan* (2010) 50 Cal.4th 401, 431.) Whether a delay is prejudicial is a factual question that we review for substantial evidence. (*Alexander*, *supra*, 49 Cal.4th at p. 874.)

There is no evidence that the missing dashcam footage prejudiced defendant in any way. He offered only unsupported speculation that the footage had exculpatory value in that it might have contradicted the arresting officer's version of events. But "'[t]he showing of prejudice requires *some evidence* and cannot be presumed.'" (*People v. Morris* (1988) 46 Cal.3d 1, 37, italics added.) Speculation is not enough. (*People v. Abel*, *supra*, 53 Cal.4th at p. 909.)

For instance, in *People v. Lewis* (2015) 234 Cal.App.4th 203, the defendant argued "that he was prejudiced by the loss of the child welfare agency, police, prosecution, and court records." He claimed that "the lost records might have contained information he could have used to impeach" the victim. (*Id*. at p. 212.) The *Lewis* court rejected the

defendant's argument that the loss of the records prejudiced him because it was "wholly speculative." Like defendant here, the defendant in *Lewis* failed to make any showing that the lost records had exculpatory value, so it was "entirely speculative" that he was prejudiced by their disappearance. (*Id*. at p. 213.)

Alexander, *supra*, 49 Cal.4th 846 is also instructive. There, the defendant claimed that he was prejudiced by the loss of witness interview audio tapes. He argued that the tapes "may have included statements not contained in, or that contradicted, the investigators' reports or witnesses' testimony." (*Id*. at p. 875.) Our Supreme Court rejected the defendant's argument that the loss of the tapes prejudiced him because it was "based on speculation, not proof of actual prejudice." (*Ibid*.)

So too here. As the trial court acknowledged, the missing dashcam footage *might* help defendant's case, but it is entirely possible that it could help the prosecution's case. Although the footage could have contradicted the officer's version of events, it also could have confirmed it. As it stands, nothing in the record suggests that the footage had any exculpatory value. Defendant's claim of prejudice is therefore based wholly "on speculation, not proof of actual prejudice." (*Alexander*, *supra*, 49 Cal.4th at p. 875.)

Defendant argues otherwise, relying on *People v. Mirenda* (2009) 174 Cal.App.4th 1313 (*Mirenda*), and *People v. Cave* (1978) 81 Cal.App.3d 957 (*Cave*), but both cases are distinguishable. In *Mirenda*, the defendant was *actually* prejudiced by the 26-year delay between the filing of charges and the actual prosecution of the case, the death of a key witness, and "the irreparable fading of memory," all of which resulted in "the complete

inability to mount a defense." (*Mirenda*, *supra*, at p. 1333.) The defendant in *Cave* was also *actually* prejudiced by the prosecution's "'purposeful'" delay, which resulted in the disappearance of a "material witness"—an informant who was the only witness to an undercover operation where the defendant sold heroin to an undercover officer. (*Cave*, *supra*, at p. 965; see also *People v. Cowan*, *supra*, 50 Cal.4th at p. 430 ["Prejudice may be shown by [the] '"loss of material witnesses"' . . ."].) But here the only lost evidence is the dashcam footage, which could be immaterial or even harmful to defendant's case. Because nothing in the record shows that the loss of this evidence hurts defendant's case, defendant failed to meet his burden of showing its disappearance actually prejudiced him.

In short, there is no substantial evidence supporting the trial court's finding that defendant was prejudiced by the delay in prosecuting him and the resultant loss of the dashcam footage. We therefore reverse the order dismissing the complaint.

## IV.

## DISPOSITION

The trial court's order dismissing the complaint is reversed.

CERTIFIED FOR PUBLICATION

CODRINGTON
J.

We concur:

RAMIREZ
P. J.


McKINSTER
J.

7