Filed 4/26/22  P. v. Montelongo CA4/1
# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

|  |  |
|---|---|
| THE PEOPLE, | D078706 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCN388970) |
| ESTEVAN STEVE MONTELONGO, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Robert J. Kearney, Judge.  Reversed and remanded for resentencing.

Daniel J. Kessler, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Melissa Mandel, Assistant Attorney General, Arlene A. Sevidal and Susan E. Miller, Deputy Attorneys General, for Plaintiff and Respondent.

# I

## INTRODUCTION

Estevan Steve Montelongo was found guilty of the first degree murder of his girlfriend, Michelle Hashtani (Pen. Code, § 187, subd. (a)).[1] The jury returned a true finding on an allegation that, in the commission of the murder, he personally and intentionally discharged a firearm and proximately caused death to a person (§ 12022.53, subd. (d)). The trial court also found true an allegation that he suffered a prior conviction for aggravated assault with a deadly weapon, which constituted a serious felony conviction (§ 667, subd. (a)(1)) and a prior strike (*id.*, subds. (b)–(i)). The court sentenced Montelongo to prison for 75 years to life, plus 5 years.

Montelongo appeals the judgment and claims the trial court misunderstood the scope of its authority to strike the section 12022.53, subdivision (d) firearm enhancement and, in its place, impose a lesser uncharged firearm enhancement under section 12022.53, subdivisions (b) or (c). He also argues his trial counsel was ineffective for failing to request that the court strike the greater enhancement and impose a lesser enhancement in its place.

While this appeal was pending, the Supreme Court issued *People v. Tirado* (2022) 12 Cal.5th 688 (*Tirado*), which resolved a split of appellate authority concerning whether a court may impose a lesser uncharged firearm enhancement under section 12022.53, subdivisions (b) or (c) after striking a firearm enhancement under subdivision (d). *Tirado* concluded that "[w]hen an accusatory pleading alleges and the jury finds true the facts supporting a section 12022.53(d) enhancement, and the court determines that the section 12022.53(d) enhancement should be struck or dismissed . . . the court

---

[1] Further undesignated statutory references are to the Penal Code.

may . . . impose an enhancement under section 12022.53(b) or (c)." (*Tirado*, at p. 700, fn. omitted.)

We conclude Montelongo is entitled to the retrospective application of the *Tirado* decision, which was decided while his nonfinal case was pending on appeal. Accordingly, we reverse the judgment and remand the matter solely for the trial court to conduct resentencing proceedings. Because we are remanding the matter for resentencing, it is unnecessary for us to address Montelongo's claim of ineffective assistance of counsel.

## II

## BACKGROUND

### A

### *Factual Background*

Montelongo and Hashtani had a tumultuous romantic relationship. They shared a child and lived together at the time of the murder.

One afternoon, Montelongo and Hashtani got into an argument at their apartment and she accused him of infidelity. She left the apartment and he sent her a text message asking her to come back. She sent him text messages calling him a pervert and a cheater, and accusing him of contacting a female friend behind her back. She demanded he leave the apartment and warned him that she would call 911 if he touched anything that belonged to her.

Montelongo retrieved a firearm from a storage closet and hid it in his waistband. He confronted Hashtani at the apartment complex pool deck where the argument resumed. He removed the firearm from his waistband, said " 'die, bitch,' " and fired multiple shots. One of the bullets struck Hashtani in the head and killed her. Montelongo fled the crime scene and was apprehended a few days later.

After a jury trial, Montelongo was found guilty of first degree murder, and the jury returned a true finding on an allegation that he intentionally and personally discharged a firearm and proximately caused death to a person within the meaning of section 12022.53, subdivision (d). The court conducted a bench trial and found that Montelongo suffered a prior conviction for aggravated assault with a deadly weapon, which constituted a serious felony conviction and a prior strike.

At sentencing, the court denied a defense motion to strike the prior strike, reasoning as follows: "Based on the circumstances of his prior conviction, the circumstances of the offense here, his history, I'm not able to exercise my discretion to strike the strike. I cannot find that he falls outside the scope of the Three Strikes law. So the motion to strike the strike is denied."

The court denied a defense request to "stay[] punishment" on the firearm enhancement as well, stating: "As to the [section] 12022.53 allegation, he was a three-time convicted felon when he possessed a firearm. He knew it was illegal. Without the gun, Ms. Hashtani would still be alive today, I believe. Therefore, I cannot justify striking the 12022.53 allegation . . . ."

The court sentenced Montelongo to prison for 75 years to life, plus 5 years, calculated as follows: 25 years to life for the murder conviction, doubled for the prior strike, plus 25 years to life for the firearm enhancement, plus 5 years for the serious felony prior.

## B

### *Legal Background*

"Section 12022.53 was first enacted in 1997 as part of the state's 'Use a Gun and You're Done' law. [Citation.] The statute sets out 'sentence

4

enhancements for personal use or discharge of a firearm in the commission' of specified felonies. [Citation.] Section 12022.53, subdivision (a) lists the felonies to which the section applies. Section 12022.53(b) mandates the imposition of a 10-year enhancement for personal *use* of a firearm in the commission of one of those felonies; section 12022.53(c) mandates the imposition of a 20-year enhancement for personal and intentional *discharge* of a firearm; and section 12022.53(d) provides for a 25 year-to-life enhancement for personal and intentional discharge of a firearm *causing great bodily injury or death* to a person other than an accomplice. The legislative intent behind section 12022.53 is to impose ' "substantially longer prison sentences . . . on felons who use firearms in the commission of their crimes." ' " (*Tirado, supra*, 12 Cal.5th at pp. 694–695, fns. omitted.)

"Subdivisions (f) and (j) of section 12022.53 provide further guidance to a trial court when sentencing under the statute. The court's power to impose a section 12022.53 enhancement is limited: 'For the penalties in this section to apply, the existence of any fact required under subdivision (b), (c), or (d) shall be alleged in the accusatory pleading and either admitted by the defendant in open court or found to be true by the trier of fact.' (§ 12022.53, subd. (j) (section 12022.53(j)).) If a section 12022.53 enhancement is admitted or found true, the court must 'impose punishment for that enhancement pursuant to this section rather than imposing punishment authorized under any other [provision of] law, unless another enhancement provides for a greater penalty or a longer term of imprisonment.' (§ 12022.53(j).) The court may impose '[o]nly one additional term of imprisonment under this section . . . per person for each crime.' (§ 12022.53, subd. (f) (section 12022.53(f)).) If 'more than one enhancement per person is found true under this section,' the court must impose the 'enhancement that

5

provides the longest term of imprisonment.' " (*Tirado, supra*, 12 Cal.5th at p. 695.)

"Before January 1, 2018, section 12022.53 prohibited courts from striking its enhancements. Former subdivision (h) of section 12022.53 provided: 'Notwithstanding Section 1385 or any other provision of law, the court shall not strike an allegation under this section or a finding bringing a person within the provisions of this section.' (Stats. 1997, ch. 503, § 3, pp. 3135, 3137.) Thus, if a section 12022.53 enhancement was alleged and found true, its imposition was mandatory. [Citations.] In 2017, the Legislature enacted Senate Bill No. 620 (2017–2018 Reg. Sess.) (Senate Bill 620), amending section 12022.53(h) to remove this prohibition. (Stats. 2017, ch. 682, § 2.) Section 12022.53(h) now provides that a 'court may, in the interest of justice pursuant to Section 1385 and at the time of sentencing, strike or dismiss an enhancement otherwise required to be imposed by this section.' "[2] (*Tirado, supra*, 12 Cal.5th at pp. 695–696.)

At the time Montelongo was sentenced, case law made clear that section 12022.53, subdivision (h), as amended, authorizes a trial court to strike a section 12022.53, subdivision (d) enhancement entirely and impose no additional penalty. (See, e.g., *People v. Robbins* (2018) 19 Cal.App.5th 660, 677–679; *People v. Arredondo* (2018) 21 Cal.App.5th 493, 506–507.) However, a split of authority existed among the Courts of Appeal as to whether a trial court can strike a section 12022.53, subdivision (d) enhancement and, in its place, impose a lesser enhancement under

---

[2] "Section 1385 provides that a court may, 'in furtherance of justice, order an action to be dismissed.' [Citation.] Though section 1385 literally authorizes the dismissal of 'an action,' it has been construed to permit the dismissal of parts of an action [citation], including a weapon or firearm use enhancement." (*Tirado, supra*, 12 Cal.5th at p. 696.)

6

section 12022.53, subdivisions (b) or (c), where the lesser enhancement was not specifically charged in the information or found true by a jury.

*People v. Morrison* (2019) 34 Cal.App.5th 217 (*Morrison*) stood on one side of the split. In *Morrison*, the First District Court of Appeal determined a court has discretion to impose an uncharged lesser firearm enhancement after striking a section 12022.53, subdivision (d) enhancement. (*Morrison*, at p. 220.) In reaching this conclusion, the *Morrison* court relied on case law recognizing that a "court may impose a 'lesser included' enhancement that was not charged in the information when a greater enhancement found true by the trier of fact is either legally inapplicable or unsupported by sufficient evidence." (*Id.* at p. 222.) *Morrison* saw "no reason a court could not also impose one of these enhancements after striking an enhancement under section 12022.53, subdivision (d), under section 1385." (*Id.* at pp. 222–223.)

Several decisions stood on the other side of the split. (*People v. Tirado* (2019) 38 Cal.App.5th 637, revd. (2022) 12 Cal.5th 688; *People v. Yanez* (2020) 44 Cal.App.5th 452, review granted Apr. 22, 2020, S260819; *People v. Garcia* (2020) 46 Cal.App.5th 786, review granted June 10, 2020, S261772; *People v. Valles* (2020) 49 Cal.App.5th 156, review granted July 22, 2020, S262757; *People v. Delavega* (2021) 59 Cal.App.5th 1074, review granted Apr. 14, 2021, S267293.) In those cases, the courts determined that a lesser firearm enhancement not specifically pleaded and found true by a jury *cannot* be imposed after a court strikes a greater firearm enhancement. The decisions employed slightly different reasoning to reach this outcome, but they all relied principally on a textual analysis of section 12022.53. For example, one court concluded the "plain language" of section 12022.53, subdivision (h) does not permit a "court to substitute one enhancement for another." (*People v. Tirado, supra*, 38 Cal.App.5th at p. 643, revd.) The court reasoned the

7

statute instead provides a "binary" choice for a sentencing court:  "The court can choose to dismiss a charge or enhancement in the interest of justice, or it can choose to take no action."  (*Ibid.*; see *Yanez*, at p. 459; *Garcia*, at p. 791; *Valles*, at p. 166.)

That was the state of affairs at the time of Montelongo's sentencing. However, after Montelongo was sentenced, and after briefing was complete in this appeal, the Supreme Court resolved the split of authority and endorsed the conclusion reached by the *Morrison* court.  (*Tirado, supra*, 12 Cal.5th 688.)  Relying on the same case law referenced in the *Morrison* decision, the Supreme Court determined that "a court is not categorically prohibited from imposing a lesser included, uncharged enhancement so long as the prosecution has charged the greater enhancement and the facts supporting imposition of the lesser enhancement have been alleged and found true."  (*Id.* at p. 697.)  "Where a lesser offense is encompassed within a greater one, the factual allegations made in charging the greater offense are sufficient to give notice of the lesser."  (*Id.* at p. 698.)  "Thus, when a greater offense or an enhancement is dismissed after having been found true, the lesser offense has nevertheless been charged and found true and may therefore be properly applied to the defendant."  (*Id.* at p. 699.)

Further, the Supreme Court reasoned that section 12022.53 does not bar imposition of an uncharged lesser firearm enhancement after the striking of a greater firearm enhancement.  (*Tirado, supra*, 12 Cal.5th at pp. 699-700.) Although section 12022.53, subdivision (h) refers only to the striking or dismissal of an enhancement, "[s]ection 12022.53(j) is the subdivision that authorizes the imposition of enhancements under section 12022.53."  (*Tirado*, at p. 700.)  The "question is not whether section 12022.53(h) authorizes the court to change, modify, or substitute an enhancement.  Rather, it is whether

8

section 12022.53(j) authorizes the court to impose an enhancement under section 12022.53(b) or (c) after striking a section 12022.53(d) enhancement." (*Ibid.*) The answer to that question turns on "whether the existence of facts required by section 12022.53(b) and (c) were alleged and found true." (*Ibid.*) The Supreme Court concluded those requirements are satisfied where, as here, the charging language refers to facts necessary to prove allegations under section 12022.53, subdivisions (b) and (c), and the jury's true finding under section 12022.53, subdivision (d), necessarily includes a true finding under section 12022.53, subdivisions (b) and (c). (*Tirado*, at p. 700.)

In light of *Tirado*, it is now clear that "[w]hen an accusatory pleading alleges and the jury finds true the facts supporting a section 12022.53(d) enhancement, and the court determines that the section 12022.53(d) enhancement should be struck or dismissed under section 12022.53(h), the court may, under section 12022.53(j), impose an enhancement under section 12022.53(b) or (c)." (*Tirado, supra*, 12 Cal.5th at p. 700, fn. omitted.)[3]

### III

### DISCUSSION

Montelongo contends the trial court abused its sentencing discretion because it misunderstood the scope of its authority to impose an uncharged lesser enhancement after striking a greater enhancement under section 12022.53. He asks us to remand the matter for resentencing so the court can consider whether to strike the subdivision (d) enhancement and, in its place, impose a lesser enhancement under subdivisions (b) or (c).

"Defendants are entitled to 'sentencing decisions made in the exercise of the "informed discretion" of the sentencing court,' and a court that is

---

[3] At our request, the parties submitted supplemental letter briefs addressing the impact of *Tirado, supra*, 12 Cal.5th 688 on the present case.

unaware of its discretionary authority cannot exercise its informed discretion." (*People v. Brown* (2007) 147 Cal.App.4th 1213, 1228; see *People v. Belmontes* (1983) 34 Cal.3d 335, 348, fn. 8 ["A court which is unaware of the scope of its discretionary powers can no more exercise that 'informed discretion' than one whose sentence is or may have been based on misinformation regarding a material aspect of a defendant's record."].)

Typically, when the record is silent as to whether a court understood the scope of its sentencing discretion, as it is here, we presume the court was aware of and followed the applicable law; thus, we usually will not remand for resentencing in a silent record case. (See *People v. Czirban* (2021) 67 Cal.App.5th 1073, 1097.) However, "this presumption does not apply where the law in question was unclear or uncertain when the lower court acted . . . ." (*People v. Jeffers* (1987) 43 Cal.3d 984, 1000; see *People v. Chambers* (1982) 136 Cal.App.3d 444, 457 [the usual presumption that a sentencing court applies and follows the law "can have no logical application" where the correct governing law is not "established" at the time of sentencing].)

As noted, Montelongo argues he is entitled to a remand for resentencing because the trial court misunderstood the scope of its sentencing authority. The People claim Montelongo forfeited his argument by failing to ask that the trial court strike the greater firearm enhancement and impose a lesser firearm enhancement; however, to the extent the issue is preserved, the People also believe the matter must be remanded for resentencing purposes. We agree a remand for resentencing is warranted, albeit on slightly different grounds than those asserted by Montelongo. We conclude the case must be remanded because Montelongo is entitled to the retrospective application of the Supreme Court's decision in *Tirado*.

The general rule is that judicial decisions are given retrospective effect. The principle of retrospective application to nonfinal judgments "is well settled: 'As a matter of normal judicial operation, even a non-retroactive decision [i.e., one that cannot serve as a basis for collateral attack on a final judgment] ordinarily governs all cases still pending on direct review when the decision is rendered.' " (*People v. Guerra* (1984) 37 Cal.3d 385, 400.) That rule applies to Supreme Court decisions, like *Tirado*, that resolve conflicts between the Courts of Appeal or establish the meaning of a statute. (*Burris v. Superior Court* (2005) 34 Cal.4th 1012, 1023; *In re Borlik* (2011) 194 Cal.App.4th 30, 40; *People v. Walsh* (1996) 49 Cal.App.4th 1096, 1104 [because the Supreme Court "resolved a conflict between lower court decisions, the ordinary assumption of retroactive operation applies"].) Applying these principles of retroactivity here, we conclude Montelongo is entitled to the retrospective application of the *Tirado* decision to his case.[4] (*People v. McDavid* (Apr. 21, 2022, D078919) __ Cal.App.5th __ [2022 Cal.App. Lexis 328, at *11–*15] (*McDavid*) [the *Tirado* decision applies retrospectively to nonfinal judgments pending on appeal].)

Further, like the parties, we believe the appropriate disposition is to remand the matter for resentencing. On the silent record before us, we have no confidence that the trial court was aware of its authority to impose a lesser uncharged firearm enhancement under section 12022.53, subdivisions (b) or (c) after striking a charged enhancement under subdivision (d). That is especially true here because nearly every appellate decision that had

---

4    Because the *Tirado* decision must be given retroactive effect, we reject the People's assertion that Montelongo forfeited his claim of error by failing to request imposition of a firearm enhancement under section 12022.53, subdivisions (b) or (c), after the striking of the subdivision (d) enhancement. (See *McDavid, supra*, __ Cal.App.5th __ [2022 Cal.App. Lexis 328, at *11].)

previously addressed the issue had concluded that a sentencing court lacked such discretion.  The silent record also gives us no clear indication that the trial court would have declined to exercise its sentencing discretion if it was aware of its authority.  To ensure *Tirado* receives its full retrospective effect, we remand the matter for resentencing proceedings during which the trial court shall exercise its sentencing discretion.  (See *McDavid, supra*, __ Cal.App.5th __ [2022 Cal.App. Lexis 328, at \*11–\*15].)  We express no opinion regarding how the court should exercise that discretion on remand.

It is unnecessary for us to assess Montelongo's claim of ineffective assistance of counsel in light of our decision to remand the matter for resentencing purposes.

IV

DISPOSITION

The judgment is reversed and the matter is remanded for resentencing purposes only.


McCONNELL, P. J.

WE CONCUR:


IRION, J.


DATO, J.

12